539 So.2d 1375 (1989)
Sylvester McCLENDON
v.
STATE of Mississippi.
No. 57878.
Supreme Court of Mississippi.
February 22, 1989.
*1376 James J. Fougerousse, Jackson, for appellant.
Mike Moore, Atty. Gen. by Harrison S. Ford, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and ROBERTSON and SULLIVAN, JJ.
ROBERTSON, Justice, for the Court:

I.
This is an appeal from Circuit Court denial of a convicted felon's application for post-conviction relief. The grounds asserted by petitioner are newly discovered evidence and, more specifically, the confession of another to the crime for which petitioner has been convicted. Because the Circuit Court applied to petitioner the requirement that he prove his claim by clear and convincing evidence, when in fact our law supports only a preponderance of the evidence standard, we vacate and remand.

II.
On February 11, 1986, Sylvester McClendon was convicted of a charge of sexual battery and sentenced to a term of thirty (30) years imprisonment. The victim in this case was McClendon's five-year-old daughter.
On September 16, 1986, McClendon filed a motion for post-conviction relief based upon a claim of newly discovered evidence supporting his innocence. Miss. Code Ann. § 99-39-5(1)(e) (Supp. 1988). McClendon claims that while he was incarcerated in the Hinds County Detention Center, he learned that another detainee (a man named Larry Luckett) in discussions with other inmates had implicated himself as the assailant of McClendon's daughter. McClendon then sought out Luckett and the witnesses who had heard him confess to the crime and obtained affidavits from them. He then filed a motion for post-conviction relief attaching these affidavits as exhibits to the motion. The Circuit Court granted McClendon's request for an evidentiary hearing which was held on September 17, 1986.
McClendon testified at the hearing and stated that in late July of 1986, he was approached by another inmate, Nathaniel Jackson, who informed him that he overheard Luckett confess to McClendon's crime while his hair was being cut. McClendon had known Luckett prior to his arrest on the sexual battery charge, having done mechanical work on Luckett's car on two or three occasions.
McClendon then arranged a meeting with Luckett in the presence of a corrections officer. At this meeting Luckett told McClendon that, on the date of the assault, he had come to McClendon's house to get him to work on his car. Luckett entered the house looking for McClendon and found three children asleep on the living room sofa. McClendon related that Luckett told him that the oldest girl had her dress up and did not have any panties on. Luckett then attempted to penetrate the young girl, but she cried out for her father and Luckett fled. At this meeting, McClendon had Luckett write out and sign a confession. McClendon later composed an affidavit containing this information which Luckett signed on August 4, 1986.
Jerome Banks, the barber at the Hinds County Detention Center and Luckett's alleged confidant, then testified. He stated that while he was cutting Luckett's hair, Luckett stated that he felt guilty about having another man serve time for something that he had done. Banks then testified that Luckett then related to him the events of October 10, 1985, involving McClendon's daughter. He stated that Luckett told his story in the presence of Nathaniel Jackson. The version recounted by Banks was the same as that told to McClendon.
*1377 Luckett also testified at the hearing. His testimony regarding the events of October 10, 1985, differed significantly from the information contained in his handwritten confession and his affidavit. In his testimony at the hearing Luckett stated that the young girl asleep on the couch was wearing only panties. In the affidavit, however, Luckett had stated that the young girl had on a dress but no panties. In his testimony, Luckett denied that he attempted penetration. In the affidavit, Luckett had stated that he did attempt to penetrate the victim.
On cross-examination, Luckett stated he was in Hinds County Detention Center awaiting trial on a charge of murder. He also stated that he did not know who typed his affidavit or how the typist obtained the information which it contained.
By order dated October 15, 1986, the Circuit Court denied McClendon's motion for post-conviction relief.

III.
In its order denying post-conviction relief, the Circuit Court recited
The burden of proving factual allegations in support of the motion is upon the defendant. The degree of proof is clear and convincing [emphasis in original].
The Court then went on to say that
If the defendant proves his allegations by clear and convincing proof, the Court must determine whether there is a probability that a different result would be reached if another jury heard the evidence. [emphasis in original]
The Court relied upon Smith v. State, 492 So.2d 260, 263 (Miss. 1986); see also Sanders v. State, 440 So.2d 278, 288 (Miss. 1983). The proceedings in Smith, however, arose prior[1] to the advent of the Mississippi Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. 99-39-1, et seq. (Supp. 1988), effective April 17, 1984.[2] When we examine that act, we find it provides that "no relief shall be granted under this chapter unless the prisoner proves by a preponderance of the evidence that he is entitled to such." Miss. Code Ann. 99-39-23(7) (Supp. 1988) [emphasis supplied].
Generally speaking, when on appeal we review findings of ultimate fact made by a trial court sitting without a jury, we enforce the familiar substantial evidence/clearly erroneous test, and it thus quite limits our scope of review. This premise has been applied to proceedings for post-conviction relief. Reynolds v. State, 521 So.2d 914, 918 (Miss. 1988); Merritt v. State, 517 So.2d 517, 520 (Miss. 1987). This limitation upon our scope of review may be enforced, however, only where the factfinder applied the correct legal standard. See Woodward v. State, 533 So.2d 418, 427 (Miss. 1988); Chisolm v. State, 529 So.2d 630, 633 (Miss. 1988); Watts v. State, 492 So.2d 1281, 1289 (Miss. 1986). On the other hand, where, as here, the trial judge has applied an erroneous legal standard, we should not hesitate to reverse. Cf. Detroit Marine Engineering v. McRee, 510 So.2d 462, 467 (Miss. 1987); Bell v. City of Bay St. Louis, 467 So.2d 657, 661 (Miss. 1985).
We have expressly applied this premise in cases where the trier of fact acted under *1378 an erroneous quantum of proof requirement. See, e.g., McGory v. Allstate Insurance Co., 527 So.2d 632, 638 (Miss. 1988) (civil arson defense presented to jury under preponderance of the evidence standard, when in law it should have been subjected to clear and convincing evidence standard).
Without a doubt there is a significant difference between a factfinder's evaluation of a petitioner's evidence under a clear and convincing evidence standard vis-a-vis a preponderance of the evidence standard.[3] As a matter of common sense, clear and convincing evidence is a standard of persuasion higher than the ordinary preponderance standard. Walls v. Mississippi State Bar, 437 So.2d 30, 32 (Miss. 1983); Levi v. Mississippi State Bar, 436 So.2d 781, 783 (Miss. 1983). We regard it beyond dispute that there will be a certain number of cases where the evidence that preponderates may not be clear and convincing, i.e., a party bearing the burden of proof might carry the day under a preponderance standard but yet fail under a clear and convincing evidence standard. The content of the quantum of proof rule, taken seriously, may affect not only the outcome at trial but also our review on appeal. See, e.g., White v. State, 532 So.2d 1207, 1220 (Miss. 1988); Mullins v. Ratcliff, 515 So.2d 1183, 1189 (Miss. 1987); Sanders v. State, 429 So.2d 245, 250 (Miss. 1983); Wires v. Wires, 297 So.2d 900, 902 (Miss. 1974).
Because Sylvester McClendon was held to a clear and convincing evidence standard, when in law his claim should have been considered under a preponderance standard, we vacate the order entered October 15, 1986, and remand the case to the Circuit Court of the First Judicial District of Hinds County, Mississippi, for further proceedings consistent with this opinion. In so doing, we do not require that the Circuit Court reopen the matter for additional evidence, although it may do so if, in its sound discretion, it considers such in the interest of justice. Rather, we direct that, by reference to the evidence now in the record or such additional evidence as may be allowed, the Circuit Court evaluate the evidence and find the facts under the rule that McClendon must prove his entitlement to relief by a preponderance of the evidence.
VACATED AND REMANDED WITH INSTRUCTIONS
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.
PITTMAN, J., not participating.
NOTES
[1] Smith was an appeal from denial of a petition for writ of error coram nobis which had been filed on January 31, 1984. Smith, 492 So.2d at 262.
[2] It has been suggested that the Mississippi Uniform Post-Conviction Collateral Relief Act arguably represents an invasion of this Court's rule making power. See Hall v. State, 539 So.2d 1338 (Miss. 1989); Reynolds v. State, 521 So.2d 914, 915 (Miss. 1988). The provisions of the act relevant to today's proceeding enjoy enforceability, not because of any legal validity conferred upon them by the legislature but because we have adopted them in prior proceedings before this Court. See, e.g., Neal v. State, 525 So.2d 1279, 1280-81 (Miss. 1987); see also Rule 22, Miss.Sup.Ct. Rules which provides

Applications for post-conviction collateral relief in criminal cases may be governed by Miss. Code Ann. 99-39-1, et seq. (Supp. 1986).
Nothing said here, however, should be taken as expressing an opinion upon such questions as whether the Post Conviction Relief Act or any of its provisions, considered separately, offends our constitutional prohibition upon suspension of the writ of habeas corpus. Miss.Const. Art. 3, § 21 (1890).
[3] See Riley Hill General Contractor, Inc. v. Tandy Corporation, 303 Or. 390, 737 P.2d 595 (1987) for an illuminating discussion of the origin and meaning of these two burden of persuasion standards. See also McCormick on Evidence 956-61 (Cleary Ed. 1984).