578 So.2d 617 (1991)
John HARRIS, Jr.
v.
STATE of Mississippi.
No. 89-KP-0348.
Supreme Court of Mississippi.
March 27, 1991.
*618 John Harris, Jr., pro se.
Mike C. Moore, Atty. Gen., Jo Anne M. McLeod, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and PITTMAN and BANKS, JJ.
BANKS, Justice, for the Court:

STATEMENT OF THE CASE
John Harris, Jr., an inmate presently incarcerated in the Mississippi State Penitentiary at Parchman, has filed a direct appeal from an order summarily denying his "Motion For An Out-of-Time Appeal" and a subsequent order denying Harris' "Motion To Reconsider Order Denying Out-of-Time Appeal" issued on September 14, 1988, and March 2, 1989, respectively.

STATEMENT OF THE FACTS
According to the pleadings filed by Harris, he was convicted by a Lowndes County jury of three counts of aggravated assault on a law enforcement officer on or about November 26, 1987. We accept as true Harris' claim he was subsequently sentenced to serve consecutive terms of eight (8) years on each individual count. No direct appeal was taken to this Court.
On August 24, 1988, Harris filed a "Motion For An Out-of-Time Appeal". He claimed he was "... entitled to an Out-of-Time Appeal from [his] conviction because his Court appointed Counsel was Constitutionally ineffective in [failing] to properly perfect or advise Petitioner that he had the right to appeal said conviction." Harris alleged in the affidavit attached to his papers that prior to trial he informed his court-appointed attorney, Robert B. Prather of Columbus, that if he was convicted of the charges he wanted to appeal his conviction to the Supreme Court of Mississippi. Harris also claimed that after his sentence was imposed he once again advised his attorney he desired to appeal his conviction.
Appellant stated in his affidavit that Attorney Prather never filed the necessary documents to perfect Harris' appeal and that at no time did he waive the right to appeal his conviction to this Court. Harris claimed he was entitled to the effective assistance of counsel on appeal and that trial counsel's failure to perfect an appeal in his behalf amounted to ineffective assistance of appellate counsel.
On September 12, 1988, Honorable Harvey Buck, Circuit Judge, issued an order directing that the record "... be expanded to include an affidavit from the Honorable Robert B. Prather, Attorney At Law, who represented the petitioner at his trial on (the) merits ..." Judge Buck ordered Attorney Prather to "... file with this Court an Affidavit setting forth whether or not he advised the defendant of his right to appeal and whether or not the defendant indicated his desire to exercise such."
On September 14, 1988, Mr. Prather filed his affidavit which stated, in pertinent part, that he "... advised the said John Harris of his right to appeal, as I do in all cases, and I had no conversations with John Harris after he was sentenced. I further state on oath that at no time did the said John Harris indicate that he desired to appeal his conviction in said cause." (emphasis supplied).
Judge Buck issued an order that same day, September 14th, denying Harris' motion for an out-of-time appeal. Relevant portions thereof read as follows:
The Court having considered (the Motion For Out-of-Time Appeal) finds as fact that the movant was informed of his *619 right to appeal by his attorney and that he subsequently never indicated that he desired to appeal his conviction. The Court further finds that it has literally been years since the movant was tried on the merits of his criminal indictment. The Court having considered same is of the opinion that said Motion should be, and is hereby, overruled and denied. (emphasis supplied).
The record indicates that the clerk mailed Harris a copy of Prather's affidavit on September 20. On October 28, 1988, Harris filed a "Motion To Reconsider Order Denying Out-of-Time Appeal." He lamented in this pleading "... that he thought the Hon. Prather had Appeal(ed) his Conviction and after finding out that (Prather) didn't (Harris) immediately went to the Office of Legal Services to seek Assistance." Harris attached a second affidavit to his request for reconsideration.[1]
On March 2, 1989, Circuit Judge Ernest L. Brown issued an order stating, inter alia, that "(t)he Court having considered (the Petition to Reconsider) is of the opinion that the Court's initial ruling was correct and that said Petition should be, and is hereby, overruled and denied." From this order, Harris appeals.

DISCUSSION
Procedurally, this matter comes before the court on a denial of a motion to reconsider. In its initial ruling, the court acted immediately upon receiving the attorney affidavit. In doing so the court violated Harris' right to respond as provided in Section 99-39-17(3). Harris then responded and sought reconsideration. The trial court, in apparent recognition of its error, reconsidered and concluded that its initial decision was correct and denied the petition. We will treat the matter as a denial of relief under Rule 60(b)(6) MRCP. See Cannon v. Cannon, 571 So.2d 976 (Miss. 1990).
In Neal v. State, 525 So.2d 1279 (Miss. 1987) we delineated the responsibility of a trial court with respect to petitions under the Post-Conviction Collateral Relief Act claiming a denial of a substantial right. We have analyzed the position of the court when faced with a petition fully supplemented with affidavits to that of a court in a civil proceeding considering a motion for summary judgment. Section 99-39-19 Miss. Code Ann. (Supp. 1990); Neal, supra, at 1281 fn. 2; Billiot v. State, 515 So.2d 1234, 1237. In both instances, this court eschews trial by affidavit. Brown v. Credit Center, Inc., 444 So.2d 358, 362 (Miss. 1983); and Donald v. Reeves Transport Co., 538 So.2d 1191 (Miss. 1989). (Summary judgment is "no substitute for trial").
Here the petitioner met the pleading requirements of the Post-Conviction Relief Act and, in the end, the court was faced with contradictory affidavits disputing the essential facts of Harris' claim, that he was denied his right to an appeal through no fault of his own. Such a claim, if proven, merits the relief for which he prayed. Barnett v. State, 497 So.2d 443 (Miss. 1986); Wilson v. State, 426 So.2d 792 (Miss. 1983).
Issues of facts sufficient to require denial of a motion for summary judgment [for the grant of an evidentiary hearing] obviously are present where one party swears to one version of the matter in issue and another says the opposite.
Foster v. Bass, 575 So.2d 967, 982-83 (Miss. 1990).
In addition to the fact that the affidavits are contradictory, the attorney affidavit falls far short of demonstrating an effective waiver. The attorney does not tell the court what he told Harris concerning his right. His affidavit does not inform the court as to Harris' response, if any, or whether any response was solicited. He never states that he asked Harris whether he wanted an appeal and states instead that he never talked to Harris after sentencing. Cf., Fair v. State, 571 So.2d 965 (Miss. 1990). Finally, there is no indication of a factor which would motivate a criminal defendant, having contested his guilt through trial and having received twenty-four *620 years to serve, to voluntarily relinquish his right to appeal. Under such circumstances Harris is entitled to an "incourt opportunity to prove his claims." Neal, supra; Billiot v. State, 515 So.2d 1234 (Miss. 1987). The failure of the trial court to grant an evidentiary hearing and the failure to correct that error when reconsideration was requested were errors.
This is not to say that an evidentiary hearing is to be ordered every time there are contradictory affidavits. In order for a contested fact to require an evidentiary hearing it must be material. Moreover, where an affidavit is belied by unimpeachable documentary evidence in the record such as, for example, a transcript or written statements of the affiant to the contrary, to the extent that the court can conclude that the affidavit is a sham, no hearing is required. See, Albertson v. T.J. Stevenson & Co., 749 F.2d 223 (5th Cir.1984); Perma Research & Dev. Co. v. Singer Co., 410 F.2d 572 (2d Cir.1969).
Disputes between lawyer and client over instructions to take or not to take an appeal are difficult to resolve without a record. We repeat the advice given to the bench and bar in Wright v. State, 577 So.2d 387 (Miss. 1991).
Lawyers should assist the court [in making a record] by reducing decision whether to appeal a criminal conviction to a writing signed by the defendant. We note with approval the steps taken by the defendant's attorney in Fair v. State, 571 So.2d 965 (Miss. 1990).
We urge trial courts to advise criminal defendants of their rights concerning appeal on the record at the time of sentencing and to solicit a decision in that regard. Should a decision be made on the record to appeal the defendant should be advised that decision will stand unless a written statement to the contrary, signed by the defendant and the attorney, is filed with the court. Should the decision be made to waive appeal the defendant should, nevertheless, be informed of the time limits for appeal and told that his decision to waive shall stand unless he gives written notice to the court and his attorney prior to the expiration of the time. Should no decision be made the court should inform the defendant that his failure to express a desire to appeal shall be considered a waiver of his right to appeal and that such waiver will stand unless he gives written notice to the court and counsel prior to the expiration of the time in which to perfect the appeal.
This suggested procedure is only a recommendation. The Circuit Courts are, of course, free to implement any procedure reasonably certain to make an adequate record concerning the decision whether to appeal.
The judgment of the Circuit Court of Lowndes County dismissing Harris' motion is reversed and this matter is remanded to that court for an evidentiary hearing.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and ROBERTSON, SULLIVAN, PITTMAN and McRAE, JJ., concur.
DAN M. LEE, P.J., and PRATHER, J., not participating.
NOTES
[1] In this second dossier, Harris refuted the correctness of Mr. Prather's affidavit which was mailed to Harris by the circuit clerk on September 20, 1988.