# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 93-KA-00188-SCT

*EDWARD TURNER , JR.*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 1/7/93 |
| TRIAL JUDGE: | HON. ROBERT WALTER BAILEY |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DAVID H. LINDER |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEIRDRE MCCRORY |
| DISTRICT ATTORNEY: | NA |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 4/18/96 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/9/96 |

**EN BANC.**

**PRATHER, PRESIDING JUSTICE, FOR THE COURT:**

## I. STATEMENT OF THE CASE

¶1. Edward Turner, Jr. was convicted for the May 18, 1988 sale of cocaine and for the May 19, 1988 accessory before the fact of the sale of cocaine. He was tried separately on each charge, and, in December, 1990, this Court affirmed both convictions. *See Turner v. State*, 573 So. 2d 1335 (Miss. 1990) (May 18, 1988 sale of cocaine); *Turner v. State*, 573 So. 2d 1340 (Miss. 1990) (May 19, 1988 accessory before the fact of sale of cocaine).

¶2. On July 10, 1992, Turner filed an amended motion for a new trial, in which he asked for post-conviction relief and alleged that Timothy Wayne Odoms actually committed the crimes for which Turner was convicted; the motion was denied. Turner appeals *in forma pauperis*, and raises the following issues:

**A. WHETHER THE TRIAL COURT APPLIED THE APPROPRIATE STANDARD OF REVIEW?**

**B. WHETHER TURNER PROVED THAT HE IS ENTITLED TO A NEW TRIAL BASED ON**

**NEWLY DISCOVERED EVIDENCE?**

**C. WHETHER THE TRIAL COURT ERRED BY REFUSING TO ALLOW THE AFFIDAVIT OF CONFIDENTIAL INFORMANT, ANTHONY COLE, INTO EVIDENCE AND/OR REFUSING TO CONSIDER COLE'S ADMISSIONS TO BREHM T. BELL?**

## II. STATEMENT OF THE FACTS

¶3. Anthony Cole, the confidential informant (CI), was with Officer Lawrence Vaughan when Officer Vaughan bought drugs from Turner. Cole told the officer that Edward Turner, Jr. was the person who sold them the drugs. Officer Vaughan identified Turner in court as the person who sold the drugs. After the trial, Cole stated that he did not purchase drugs from Turner. Cole gave an affidavit to Turner's counsel, which indicates that he was desperate for money and that law enforcement would only pay him for his assistance in buying drugs from certain individuals. Turner was one of those individuals. Cole stated that they actually bought drugs from a man named Tim Odoms and that he told Officer Vaughan that Odoms was Turner. Cole's affidavit to this effect was not admitted at trial because Cole is a convicted perjurer.

¶4. After being contacted by Turner's mother, Tim Odoms (a self-proclaimed "friend of the [Turner] family") told Turner's lawyers that he sold drugs to Cole on the days in question and that Turner was not at the scene of the crimes. Odoms testified that he sold drugs to Cole on May 18, 1988 around 2:00-3:00 p.m. and on May 19, 1988 around 4:00 p.m..[1] These sales took place near the Cat's Den in Meridian, where many drug transactions occurred daily. Odoms testified that he could not be sure that the drug sales with which he was involved were the transactions for which Turner was convicted. The trial judge considered having Odoms arrested for his participation in these drug transactions, but the statute of limitations had run on the crimes.

## III. LEGAL ANALYSIS

**A. WHETHER THE TRIAL COURT APPLIED THE APPROPRIATE STANDARD OF REVIEW?**

**B. WHETHER TURNER PROVED THAT HE IS ENTITLED TO A NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE?**

¶5. The trial judge ruled as follows:

> The Petitioner has failed to prove to the Court in both cases by a preponderance of the evidence that the alleged newly discovered evidence is of such nature that it would be practically conclusive that had such evidence been introduced at trial, it would have resulted in a different verdict.

¶6. Turner contends that the trial judge applied an incorrect standard of review. Specifically, Turner takes issue with the "practically conclusive" language in the trial judge's order. He argues that a new trial is warranted when the newly discovered evidence will "probably produce a different result or verdict."

¶7. Our Post-Conviction Relief Act provides that

> [a]ny prisoner in custody under sentence of a court of record of the state of Mississippi who claims . . . . [t]hat there exists evidence of material facts, not previously presented and heard, that requires

vacation of the conviction or sentence in the interest of justice . . . may file a motion to vacate, set aside or correct the judgment or sentence . . . ."

Miss. Code Ann. § 99-39-5(1)(e) and (I) (Supp. 1995).

(7) No relief shall be granted under this chapter unless the prisoner proves by a preponderance of the evidence that he is entitled to such.

Miss. Code Ann. § 99-39-23(7) (Supp. 1995).

¶8. Thus, the appropriate standard of review is whether Turner proved by a preponderance of the evidence that material facts existed which had not been previously heard and which required the vacation of his conviction or sentence. Clearly the evidence presented by Turner did not meet that standard.

¶9. The trial judge observed the witnesses. He is not obligated to throw open his court to a new trial simply because a "friend of the [convicted prisoner's] family" comes forward and confesses after the statute of limitations for the crime has run. Furthermore, the testimony revealed that many drug transactions transpired daily in the vicinity of the Cat's Den. Odoms could not say that the drug transactions with which he was involved were the transactions for which Turner was convicted. Therefore, the error in the wording of the trial judge's ruling, if any, is harmless.

## C. WHETHER THE TRIAL COURT ERRED BY REFUSING TO ALLOW THE AFFIDAVIT OF CONFIDENTIAL INFORMANT, ANTHONY COLE, INTO EVIDENCE AND/OR REFUSING TO CONSIDER COLE'S ADMISSIONS TO BREHM T. BELL?

¶10. As stated earlier, the CI in this case gave a sworn affidavit that Turner did not sell the drugs; rather, the CI swore that Odoms sold the drugs and that he told the narcotics agent that Odoms was Turner. Pursuant to Rule 601(b) of the Mississippi Rule of Evidence, the judge would not allow the affidavit into evidence because the CI, Cole, had been convicted of perjury. The defense also tried to elicit testimony from Brehm T. Bell, an associate in the employ of Turner's counsel. The defense wanted Bell to testify as to what Cole had told him, i.e., the contents of the affidavit. The State objected and defense counsel argued that Cole's statement to Bell was a statement against interest. The trial judge did not allow Bell to testify regarding Cole's statements.

¶11. The judge was correct in ruling that the testimony and affidavit of Cole (the CI) were inadmissible under M.R.E. 601(b), which states that "[a] person convicted of perjury or subornation of perjury shall not be a competent witness in any case, even though pardoned or punished for the same."

¶12. As to the statements Cole made to Attorney Bell, the question is whether those statements fell within an exception to the hearsay rule -- namely, M.R.E. 804(b)(3). If so, then Bell could have testified regarding Cole's statements that he lied when he identified Turner as the person who sold the drugs.

¶13. Rule 804(b)(3) of the Mississippi Rules of Evidence provides as follows:

*Statement Against Interest.* A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability, or to render invalid a claim by him against another, that a reasonable man in his position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant

to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

¶14. Clearly, Cole was not competent to testify. The statements he made to Bell would have subjected him to more perjury charges, since he identified Turner at trial as the person who sold the drugs.[2] However, Cole's statement is also a "statement tending to expose the declarant to criminal liability and offered to exculpate the accused." It was therefore inadmissible, unless corroborating circumstances clearly indicated that it was trustworthy.

¶15. Here we have the statement of a convicted perjurer. The only corroborating circumstance is the testimony of Odoms, a friend of Turner's family who came forward after the statute of limitations had run. Odoms confessed to selling drugs to the CI on the same days for which Turner was convicted of selling drugs to Cole -- in a location where several drug transactions occurred daily. Furthermore, Cole's statement contradicted Officer Vaughan's in-court identification of Turner as the person who sold the drugs. It does not appear that the trial judge abused his discretion in excluding the CI's remarks to Bell. There was nothing to "clearly indicate the trustworthiness of the statement." *See* M.R.E. 804(b)(3); *Carr v. State* 655 So. 2d 824, 834-35 (Miss. 1995).

## IV. CONCLUSION

¶16. The issues raised by Turner are without merit. The judgment of the trial court denying Turner's motion for post-conviction relief is affirmed.

¶17. **DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**BANKS, ROBERTS, SMITH AND MILLS, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY LEE, C.J., SULLIVAN, P.J., AND PITTMAN, J.**

### McRAE, JUSTICE, DISSENTING:

¶18. There is something wrong with a system that allows a conviction to stand on the hearsay statement of a confidential informant who is convicted forger, a writer of falsehoods, whose criminal record was not revealed to the jury for impeachment purposes and then, after that same speaker is subsequently convicted of perjury, disallows evidence of his statement that he lied at the original trial on grounds that he is now a convicted perjurer, a speaker of falsehoods, and thus, incompetent to testify. Accordingly, I dissent.

¶19. In *Turner v. State*, 573 So. 2d 1335 (Miss. 1990)("*Turner I*"), we affirmed Turner's conviction on the basis of a statement by Anthony Cole, a confidential informant statement, to an undercover agent, Lawrence Vaughan. Critical to Vaughan's testimony, as well as to Turner's conviction, was the identification of Turner, "E.T." to his friends, made by Cole since Vaughan could not see the actual participants in the drug buy. At trial, the District Attorney used Cole's hearsay statements to Vaughan to convict Turner. We found that the circuit court properly admitted Vaughan's statement made during a conversation with the informant with whom he had been talking with during the buy: "'Mr. Cole said, 'that's him. That's E.T.'" *Turner I*, 573 So. 2d at 1337.

¶20. *Turner I* highlights the inherent problem of using statements made by a confidential informant to an undercover agent--there is no opportunity for the defendant to exercise his right of confrontation. Cole's statement to Vaughan served to convict Turner even though Cole did not testify and Vaughan, the undercover agent, did not actually see the alleged drug buy on May 18, 1988 take place. Vaughan testified at trial:

> He was--the confidential informant [Cole] had a small car and the way it was made it was -- the way the top was made on it, it was obstructing my view momentarily. I could hear him talking and I asked . . . Mr. Cole, who was that?

*Turner I*, 573 So. 2d at 1338. Vaughan testified that Cole, a short time later, identified the speaker as Turner. The next day, at another drug buy, Cole pointed out Turner as the man he had identified as the seller the previous day. Although Vaughan again did not see an actual buy on either occasion and identification of Turner was based solely on Cole's word, this testimony was found to be sufficient to convict Turner.

¶21. Regardless of the fact that Cole, the informant, had been convicted of both grand larceny and three counts of forgery, we found in *Turner I* that the circuit court's refusal to inform the jury that Cole's statement to Vaughan was subject to impeachment under M.R.E. 806 was merely harmless error. *Id.* at 1340. The tables now have turned. Cole, whose statement identifying "E.T." was instrumental to Turner's conviction, later came forth with information that would serve to exonerate Turner. However, since Cole was convicted of perjury in 1991, the majority now finds that his statements to Turner's attorney are not admissible because as a convicted perjurer, Cole is not competent to testify.

¶22. In his January 23, 1991 affidavit, appended to Turner's motion for post-conviction relief, Cole admitted that he had lied to Agent Vaughan when he identified Turner as the man from whom he had purchased the drugs. His admission is consistent with the affidavit and evidentiary hearing testimony of Timothy Odoms that he, Odoms, had delivered a one hundred dollar package of drugs to Cole on May 18, 1988.

¶23. At Turner's January 4, 1993 evidentiary hearing, his attorneys sought to introduce statements made by Cole to another of his attorneys, Brehm Bell, regarding the affidavit. Specifically, Bell was asked the substance of Cole's statements about the May 18 and 19, 1988 drug transactions that led to Turner's convictions. Using the same approach the State had taken at trial, the District Attorney objected, asserting that any statements made to Bell were hearsay, and further, because Cole had been convicted of perjury in 1991, the evidence was inadmissible since he was not competent to testify. The circuit court sustained the objection pursuant to M.R.E. 601(b) and allowed Bell to testify only that the affidavit was made and signed in his presence and consistent with statements Cole had made to him.

¶24. We erred in *Turner I* by finding that it was harmless error to not advise the jury of Cole's criminal record for purposes of impeaching the hearsay testimony. That error is now compounded by disallowing testimony that would serve to exonerate Turner -- and which is consistent with the affidavit of Timothy Odoms -- on grounds that his perjury conviction has rendered him incompetent to testify pursuant to M.R.E. 601(b). Forgery and perjury share a common thread--the utterance of a falsehood, be it written or spoken. If Cole's word was good enough to convict Turner in *Turner I*, it should be good enough, at the very least, to provide him with a new trial. Accordingly, I dissent.

**LEE, C.J., SULLIVAN, P.J., AND PITTMAN, J., JOIN THIS OPINION.**

1. The opinion on Turner's direct appeal indicates that the May 18, 1988 sale for which Turner was convicted occurred "a little after 1:00 o'clock." *See Turner v. State*, 573 So. 2d at 1336.

2. Cole had previously been convicted of forgery and grand larceny. Those convictions raised impeachment issues on the direct appeal. *See Turner v. State*, 573 So. 2d 1335, 1337 (Miss. 1990); M.R.E. 806. Since that time, Cole has been convicted of perjury; under M.R.E. 601(b), a perjury conviction raises issues of competency to take the stand. These competency issues were not raised by Cole's convictions of forgery and grand larceny, and those convictions are, therefore, irrelevant to the issue of competency raised on this appeal.