# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1999-CP-02015-SCT

*ALVIN J. MEEKS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/17/1997 |
| TRIAL JUDGE: | HON. FRANK A. RUSSELL |
| COURT FROM WHICH APPEALED: | ALCORN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  CHARLES W. MARIS, JR. |
| DISTRICT ATTORNEY: | JOHN R. YOUNG |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 01/25/2001 |
| MOTION FOR REHEARING FILED: | 2/12/2001; denied 3/29/2001 |
| MANDATE ISSUED: | 4/5/2001 |

**BEFORE BANKS, P.J., SMITH AND MILLS, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1. Alvin J. Meeks appeals the denial of his motion for post-conviction relief in the Circuit Court of Alcorn County.

## STATEMENT OF THE FACTS

¶2. Alvin J. Meeks was tried and convicted of capital murder in 1989, and his conviction was affirmed by this Court in 1992. *See Meeks v. State*, 604 So.2d 748 (Miss. 1992). On November 20, 1995, after being granted permission by this Court, Meeks filed a motion in the Circuit Court of Alcorn County for post-conviction relief, seeking a new trial on the charges of capital murder, burglary and assault.

¶3. The circuit court held two hearings on this matter on December 9, 1996 and March 24, 1997. At the first hearing, Meeks called Charles Smith as a witness. Smith stated that he was not related to nor friends with Meeks, but that he had been incarcerated in a cell next to Meeks in 1989. Smith testified that while he was out of prison in 1989 Tana Meeks told him that the testimony she had given at Meeks's trial was not true and that she regretted lying. Tana was an eyewitness to the crime and had testified for the State at Meeks's trial. At the second hearing, the State called Tana Meeks who testified that she did not know Charles Smith. She further stated that she never told Smith or anyone else that she lied at Meeks's trial. She maintained that her testimony at Meeks's trial was the truth and that she had never stated otherwise.

Counsel for Meeks argued that he was surprised by this testimony and then moved the circuit court for additional time and to set another hearing for the purpose of impeaching Tana's testimony that she did not know Smith. The circuit court denied Meeks's request and his motion for post-conviction relief.

¶4. Meeks filed two motions for reconsideration or a new trial based on the affidavit of Teddy Null. Null's affidavit stated that he saw Charles Smith and Tana Meeks together on two separate occasions after Meeks was convicted of murder. The circuit court denied the motions for reconsideration or a new trial on June 16, 1999. Aggrieved, Meeks appeals to this Court.

## STANDARD OF REVIEW

¶5. The standard of review after an evidentiary hearing in post-conviction relief cases is well-settled: "We will not set aside such finding unless it is clearly erroneous. Put otherwise, we will not vacate such a finding unless, although there is evidence to support it, we are on the entire evidence left with the definite and firm conviction that a mistake has been made." *Rochell v. State*, 748 So.2d 103, 109 (Miss. 1999) (quoting *Reynolds v. State*, 521So.2d 914, 917-18 (Miss. 1988)). However, "where questions of law are raised, the applicable standard of review is de novo." *Brown v. State*, 731 So.2d 595, 598 (Miss. 1999).

## DISCUSSION

I. WHETHER THE CIRCUIT COURT COMMITTED REVERSIBLE ERROR IN APPLYING AN ERRONEOUS LEGAL STANDARD TO CLAIMS FOR A NEW TRIAL BASED UPON NEWLY DISCOVERED EVIDENCE.

¶6. The trial judge ruled as follows:

CAME ON for hearing Petitioner's Motion for Post Conviction Relief, and following two (2) hearings in this matter, and following a review of the allegations of Alvin Meeks' Petition, this Court does find as follows:

(1) That no "material" facts have been shown by the Petitioner that were not previously presented at the trial of this cause; nor has the Petitioner shown any newly discovered evidence which, in this Court's opinion, *would warrant a new trial* or give this Court any reason whatsoever to believe that a different result *would be reached* at a retrial of this cause.

(2) That Tana Meeks' testimony at the trial of this cause has not been recanted nor has credible evidence been offered that impeaches her prior testimony.

(3) That the allegations of Petitioner were either not supported by credible evidence and/or not raised at all by the Petitioner in the two (2) previous hearings. Furthermore, no new evidence or theory, material to this cause has been demonstrated by the Petitioner.

WHEREFORE, PREMISES CONSIDERED, this Court finds that Petitioner has totally failed to produce any material evidence whatsoever to warrant a new trial in this cause, and that the allegations made by the Petitioner are without merit, and the Motion is overruled and a new trial is hereby DENIED.

(emphasis added)

¶7. Meeks argues that the circuit court applied an incorrect legal standard and therefore should be reversed. Meeks contends that the circuit court judge placed a higher burden of persuasion on him than required under the law of Mississippi by requiring him to produce evidence which "would" produce a different result at a retrial.

¶8. The criteria for considering a motion for a new trial on the grounds of newly discovered evidence are clearly set out in *Smith v. State*, 492 So. 2d 260, 263 (Miss. 1986), *superseded by statute on other grounds, McClendon v. State*, 539 So. 2d 1375, 1377 (Miss. 1989), which states:

> Even if the petitioner is successful in proving his allegations regarding the newly discovered evidence, there still must be a determination concerning the 'probative effect of such evidence to produce a different result on a new trial.' Of course, if newly discovered evidence *will not probably produce* a different result or induce a different verdict, it is not sufficient to warrant the granting of a new trial. But conversely, if, by legal standards, it *will probably produce* a different result or induce a different verdict, it is sufficient and should require a new trial. This is the true rule.

(internal citations omitted)(emphasis added). The Court adopted the following criteria to be read in conjunction with the above rule:

> To warrant the granting of a new trial on the ground of newly discovered evidence, it must appear that the evidence is such as *will probably change* the result if a new trial is granted, that it has been discovered since the trial, that it could not have been discovered before the trial by the exercise of due diligence, that it is material to the issue, and that it is not merely cumulative, or impeaching.

*Id.* (emphasis added). Meeks argues that showing that the outcome of the trial "would" be different is a substantially higher burden of persuasion than the ordinary standard of showing that the outcome of the trial "probably would" be different.

¶9. "Generally speaking, when on appeal we review findings of ultimate fact made by a trial court sitting without a jury, we enforce the familiar substantial evidence/clearly erroneous test, and it thus quite limits our scope of review. This premise has been applied to proceedings for post-conviction relief." *McClendon v. State*, 539 So.2d at 1377. "This limitation upon our scope of review may be enforced, however, only where the factfinder applied the correct legal standard." *Id.* "On the other hand, where . . . the trial judge has applied an erroneous legal standard, we should not hesitate to reverse." *Id.*

¶10. The State contends that the circuit court judge applied the appropriate standard of proof when he stated that "the burden of proof in this particular case is upon the Petitioner to prove its case by a preponderance of the evidence." In support of its argument, the State cites *Turner v. State*, 673 So.2d 382 (Miss. 1996). In *Turner* the trial judge ruled as follows:

> The Petitioner has failed to prove to the Court in both cases by a preponderance of the evidence that the alleged newly discovered evidence is of such nature that it would be practically conclusive that had such evidence been introduced at trial, it would have resulted in a different verdict.

*Id.* at 383. Turner argued that the trial judge applied an "incorrect standard of review." *Id.* at 384. He argued that the appropriate standard for when a new trial is warranted is "when the newly discovered evidence will 'probably produce a different result or verdict,'" not when it is "practically conclusive" that it would produce a different verdict as stated in the trial court's order. *Id.* This Court explained that "the

appropriate standard of review is whether Turner proved by a preponderance of the evidence that material facts existed which had not been previously heard and which required the vacation of his conviction or sentence."*Id.* We held that Turner had not met this standard and that the error in the wording of the trial judge's ruling, if any, was harmless error. *Id.*

¶11. In the case sub judice, Meeks failed to meet the standard set out in *Turner*. Although Meeks alleges that Tana recanted her testimony, Tana unequivocally testified that she was not recanting and had never recanted her trial testimony. The testimony of Charles Smith, an admitted felon, only impeached Tana's testimony at best. As stated by this Court in *Smith*, testimony which only impeaches a witness's trial testimony does not constitute grounds for a new trial. Furthermore, Smith was impeached several times by the State during his testimony and in the end proved not to be an effective or credible witness. Meeks failed to prove by a preponderance of the evidence that material facts existed which had not previously been heard and which required the vacation of his conviction. Therefore, the error in the wording of the trial judge's ruling, if any, was harmless error.

> II. WHETHER THE CIRCUIT COURT ERRED IN FAILING TO GRANT A HEARING ON CONTESTED MATERIAL FACTS AND IN FAILING TO REOPEN CASE IN ORDER TO REBUT SURPRISED TESTIMONY OFFERED BY THE STATE.

¶12. At the conclusion of the second hearing Meeks asked the circuit court for additional time to find evidence to impeach the assertion that Tana did not know Charles Smith. The court denied the request, stating the Meeks should have anticipated the need for additional witnesses and entered an order denying post-conviction relief. Meeks filed two motions for reconsideration based on an affidavit by Teddy Null in which he stated he saw Tana with Smith on two occasions "within a few months after Alvin Meeks was convicted." The lower court denied the motions for reconsideration stating that the court "remains unconvinced of the allegations of the motions . . . ."

¶13. Meeks argues that the circuit court should have held an evidentiary hearing or reopened the case to allow rebuttal testimony from Teddy Null regarding the factual issue of whether Tana Meeks knew Charles Smith. Meeks contends that Null's testimony would have been material to a contested issue; and therefore, an evidentiary hearing was required to allow this rebuttal testimonial evidence. In support of this argument, he cites *Harris v. State*, 578 So.2d 617 (Miss. 1991). In *Harris* the circuit court denied a motion for post-conviction relief, and the petitioner filed a motion for reconsideration based on an affidavit which refuted the testimony relied on by the circuit court. *Id.* at 619. This Court held that the circuit court erred if failing to conduct an evidentiary hearing on the affidavit supporting the motion for reconsideration. *Id.* at 620. However, this Court explained that its holding did not mean that an evidentiary hearing was to be ordered every time there are contradictory affidavits. *Id.* "In order for a contested fact to require an evidentiary hearing it must be material." *Id.* Again in *Mowdy v. State*, 638 So.2d 738, 743 (Miss. 1994), this Court stated that "not all instances of conflicting affidavits will merit an evidentiary hearing." (citing *Harris v. State*, 578 So.2d at 620).

¶14. The trial court has "considerable discretion" in determining whether to grant an evidentiary hearing or reopen a case. *See Smith v. State*, 646 So.2d 538, 544 (Miss. 1994); *Feemster v. State*, 763 So.2d 198, 200 (Miss. Ct. App. 2000). Meeks failed to show that the circuit court abused its discretion. Null's testimony was not material to a contested issue in the hearings. Had another hearing been held, Null's testimony would have, at most, impeached Tana's hearing testimony. Mere impeachment testimony can not

form the basis for granting a new trial. *See Smith v. State*, 646 So.2d at 544. Therefore, the circuit court did not abuse its discretion in refusing to grant an evidentiary hearing.

## CONCLUSION

¶15. For these reasons, we find no reversible error by the trial court, and we, therefore, affirm its judgment denying Meeks's motion for post-conviction relief.

¶16. **AFFIRMED**.

**PITTMAN, C.J., BANKS AND McRAE, P.JJ., SMITH, WALLER, COBB AND DIAZ, JJ., CONCUR. EASLEY, J., NOT PARTICIPATING.**