McMILLIN, C.J,
for the Court.
¶ 1. Kenneth Knott, after pleading guilty to a robbery charge and receiving a sentence of thirteen years in the custody of the Mississippi Department of Corrections, sought to withdraw his guilty plea based on (a) a claim of ineffective assistance' of counsel because of his attorneys’ failure to undertake a preliminary investigation of his case prior to advising him to plead guilty, and (b) a claim that he was coerced into pleading guilty by threats from his attorneys that a failure to plead guilty would result in his imprisonment for life, carrying with it the possibility of violent treatment while incarcerated. The circuit court denied Knott’s request for post-conviction relief without a hearing and Knott seeks to have this Court overturn that decision. We decline to do so.
¶2. The circuit court may dismiss a post-conviction relief motion with *820 out hearing if the court determines from the face of the motion and the related record pertaining to the conviction that the movant is not entitled to any relief. Miss. Code Ann. § 99-39-11 (Rev. 2000). The statutory scheme for post-conviction relief also provides that a movant must set out both those facts within his knowledge that would support his entitlement to relief and, as to necessary facts not within his personal knowledge, some demonstration through affidavit or otherwise, as to how those facts might be proven at a hearing. Miss. Code Ann. § 99-39-9(1) (Rev. 2000). Absent such a showing that legitimate issues of fact exist for which some measure of proof is available, the movant may find his motion summarily dismissed under Section 9-39-11. Case law interpreting this provision says that, if the factual basis for relief is established solely by the uncorroborated assertions of the movant and those assertions are contradicted on the face of the record, the court may use the authority of Section 99-39-11 to dismiss the motion without hearing. State v. Santiago, 773 So.2d 921, 923-24(¶ 11) (Miss.2000).
¶ 3. Claims of ineffective assistance of counsel require a showing of two things. First, it must be demonstrated that counsel’s representation fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Second, it must be shown that, but for counsel’s deficient performance, there was a substantial likelihood that the outcome of the case would have been different. Id. Considering Knott’s claim that his attorneys failed to properly investigate his case in this light, we note that he has not, either by his own assertions or by information provided by others in the form of affidavit, alleged the nature of any information that went undiscovered by counsel’s lack of diligence and how that information would have tended to make Knott’s guilt so unlikely that there was a reasonable probability that he could have been acquitted had he proceeded to trial. This failure to demonstrate the possibility that some prejudice to Knott arose by his attorneys’ alleged lack of diligence must be seen as fatal to his right to a hearing on that allegation.
 ¶ 4. As to the claim that Knott was coerced by his attorneys into pleading guilty by threats of life imprisonment and the possibility of physical abuse while imprisoned, two observations seem appropriate. Knott was originally indicted for armed robbery and, if convicted, did in fact face the possibility of a sentence of life in prison. Miss.Code Ann. § 97-3-79 (Rev. 2000). In exchange for his guilty plea, the degree of robbery was reduced and Knott was sentenced to serve a term of thirteen years. In those circumstances, Knott’s attorneys would have only been doing their job in advising him of the potential consequences of rejecting the State’s proposed recommendation in exchange for a guilty plea and proceeding to trial on the greater charge. Second, Knott supports this claim only by his own assertions and the truth of those allegations is plainly contradicted by the transcript of his guilty plea, in which he affirmatively represented to the trial court that he had neither been threatened nor promised any reward other than the State’s agreed sentencing recommendation in exchange for his plea of guilty. In those circumstances, the trial court is not required to grant a hearing at which the issue would be a determination of whether the movant was originally untruthful in his sworn representations to the court during his plea acceptance hearing or whether he was being untruthful in his motion in an attempt to gain relief from what he now considers a -bad bargain. Harris v. State, 578 So.2d 617, 620 (Miss.1991).
*821 ¶ 5. THE JUDGMENT OF THE CIRCUIT COURT OF NESHOBA COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THE APPEAL ARE ASSESSED TO NESHO-BA COUNTY.
KING and SOUTHWICK, P JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., concur.