573 So.2d 1340 (1990)
Edward TURNER, Jr.
v.
STATE of Mississippi.
No. 89-KA-0842.
Supreme Court of Mississippi.
December 27, 1990.
*1341 David H. Linder, Joe Clay Hamilton, Brehm T. Bell, Hamilton & Linder, Meridian, for appellant.
Mike C. Moore, Atty. Gen., John R. Henry, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and ROBERTSON and BLASS, JJ.
ROBERTSON, Justice, for the Court:

I.
The next day he was back at it again, Edward Turner, Jr., that is, and the undercover narcotics agent and the confidential informant were the same as well. Plans for a complete deja vu were thwarted when Turner's undercover would-be consumers were a bit late in arriving, and he reported that the package he had for them had been too much to hold and he had sent it back. Instead, Turner sent the agent and CI down the street to another seller and has been convicted of accessory before the fact of sale of cocaine, with like legal effect.
We affirm.

II.
On May 18, 1989, undercover narcotics agent Lawrence Vaughan purchased cocaine from Edward Turner, Jr. near the Cat's Den in Lauderdale County, Mississippi, with the able assistance of confidential informant Anthony Lewayne Cole, and we have affirmed. Turner v. State, 573 So.2d 1335 (Miss. 1990). The next day, May 19, 1989, Agent Vaughan and CI Cole returned and parked their car, Cole's Pontiac Fierro, near the Cat's Den. Turner soon approached and "told us ... that we were late and he had sent the package back  had sent the cocaine back. Said it was too much stuff to hold." Turner then told Vaughan and Cole to move on up the street "and he left and said someone would take care of us."
Shortly thereafter, a woman named Betty Gandy appeared and approached Vaughan and Cole and sold them "an eight ball," said to be an eighth of an ounce of cocaine, for a negotiated purchase price of $250.00. The buy was chemically analyzed at the state crime laboratory and confirmed to be cocaine.
On August 1, 1988, the Lauderdale County Grand Jury returned two indictments against Edward Turner, Jr., the first charging him with the sale of cocaine on May 18, 1989. That indictment has led to trial, conviction and affirmance on appeal. See Turner v. State, supra. The present indictment charged Turner with accessory before the fact of sale of cocaine. Miss. Code Ann. §§ 97-1-3 and XX-XX-XXX(A)(a)(4) and -139(a)(1) (1972 and Supp. 1989). Turner stood trial on June 12, 1989, and the jury found him guilty as charged. The Circuit Court sentenced Turner to twenty-four (24) years imprisonment and payment of a $5,000.00 fine, the sentence to be served concurrently with his sentence arising out of the May 18 sale.

III.
On appeal, Turner first argues that the evidence is legally insufficient to establish his guilt and that the Circuit Court erred when it denied his motion for a judgment *1342 of acquittal notwithstanding the verdict. Our scope of review on such issues is as familiar as it is limited. See, e.g., Campbell v. State, 566 So.2d 475, 476 (Miss. 1990); Garrett v. State, 549 So.2d 1325, 1331 (Miss. 1989).
Turner argues that the prosecution failed to prove a relationship between Gandy and Turner. He argues further that no evidence proves that he exercised control over the cocaine or received any pecuniary advantage by its sale. He says he was absent at the time of the sale and only speculation leads to the conclusion that there was a connection between Turner and the sale. In support Turner relies on Clemons v. State, 482 So.2d 1102 (Miss. 1985); Hemphill v. State, 304 So.2d 654 (Miss. 1974); and the non-Mississippi decisions of Pennington v. State, 526 So.2d 87 (Fla. App. 1987), and Moncivalles v. State, 733 S.W.2d 601 (Tex. App. 1987). These cases profit him nothing.
Fairly summarized, the evidence reflects that
(1) Turner approached the vehicle Vaughan and Cole were driving.
(2) Turner told Vaughan and Cole that they were late and the cocaine had been "sent back".
(3) Turner told Vaughan and Cole to proceed up the street for a short distance.
(4) Having moved up the street, Turner reapproached the vehicle, told Vaughan and Cole they were late and the cocaine had been "sent back", but to wait and someone would "take care" of them.
(5) Gandy approached the vehicle, verified Cole and Vaughan's purpose, and consummated the sale.
It was not necessary that the prosecution prove that Turner exercised dominion or control over the cocaine or that he personally profited from its sale. Miss. Code Ann. § 97-1-3 (1972).
This evidence is more than legally sufficient to show that Turner aided and abetted the sale Gandy made to Vaughan and in consequence, is guilty as a principal. Minor v. State, 482 So.2d 1107, 1112 (Miss. 1986); Clemons v. State, 482 So.2d 1102, 1104-05 (Miss. 1985); Williams v. State, 463 So.2d 1064, 1066 (Miss. 1985). We have no authority but to affirm. See, e.g., Doby v. State, 557 So.2d 533, 535-36 (Miss. 1990); Temple v. State, 498 So.2d 379, 381 (Miss. 1986); Gray v. State, 487 So.2d 1304, 1311 (Miss. 1986); Clemons v. State, 482 So.2d 1102, 1104-06 (Miss. 1985); Johnson v. State, 461 So.2d 1288, 1293-94 (Miss. 1984).
Parenthetically, it might be added that, if we were to credit Turner's argument today, we would be opening a hole a mile wide in our defenses against drug trafficking in this state. If on this evidence Turner has committed no offense, it would be a simple matter for drug dealers to send flunkies to make their deliveries and thus avoid prosecution and punishment.

IV.
Turner objects that the jury was not told that before it could convict it had to find as a fact that the sale from Gandy to Vaughan actually occurred. He particularly objects to Jury Instruction S-2[1] on grounds that it failed to articulate to the *1343 jury that the occurrence of the Gandy-Vaughan sale was an essential element of the offense charged in the indictment. Turner argues that if he did everything Instruction S-2 (according to his reading of it sets forth), he is still not guilty. His point is that if the sale from Gandy to Vaughan did not take place, he cannot be guilty of accessory before the fact and, in this he is correct, although he may certainly be guilty of conspiracy. Miss. Code Ann. § 97-1-1 (Supp. 1990).
Upon inspection we find that the instruction told the jury that in order to find Turner guilty it would have to find that
Turner did willfully, unlawfully, and feloniously arrange for or counsel or command Betty Gandy to sell... [cocaine] to agent Lawrence Vaughan ... for two hundred fifty dollars ($250) ..., and that this occurred in Lauderdale County, Mississippi, ... .
It is axiomatic that a jury's verdict may not stand upon uncontradicted fact alone. The fact must be found via jury instructions correctly identifying the elements of the offense under the proper standards. Cabana v. Bullock, 474 U.S. 376, 384-385, 106 S.Ct. 689, 696, 88 L.Ed.2d 704, 715 (1986); Sandstrom v. Montana, 442 U.S. 510, 520-24, 99 S.Ct. 2450, 2457-59, 61 L.Ed.2d 39, 48-51 (1979); Neal v. State, 451 So.2d 743, 757 n. 9 (Miss. 1984); Martin v. State, 163 Miss. 454, 458, 142 So. 15, 16 (1932). This is the essence of criminal justice under law. There is no directed verdict of guilt in criminal cases.
Without doubt the instruction would have been clearer if, after the language "in exchange for two hundred fifty dollars ($250) ..." and before the language "and that this occurred in Lauderdale County, Mississippi," there had been inserted some such phrase as "and that Gandy in fact sold the cocaine to Agent Vaughan on such terms." On the other hand, we think the language "and that this occurred in Lauderdale County, Mississippi," though obviously intended to address the point of venue, sufficiently informed the jury that, before convicting, it must find that the sale had occurred in fact.
That instructions may be made more perfect does not mean they are legally inadequate. We have carefully read and reflected upon the language of Instruction S-2 and we presume that the jury did likewise. We find this instruction to pass the minimal threshold of advice to the jury that, before it could find Turner guilty as an accessory before the fact, it also had to find the fact.

V.
There are no further issues tendered which merit either discussion or reversal. See Morea v. State, 329 So.2d 527 (Miss. 1976); and progeny, e.g., Saucier v. State, 562 So.2d 1238 (Miss. 1990); Kennedy v. State, 531 So.2d 638 (Miss. 1988); and Smith v. State, 528 So.2d 300 (Miss. 1988).
CONVICTION OF ACCESSORY BEFORE THE FACT OF SALE OF COCAINE AND SENTENCE OF TWENTY-FOUR (24) YEARS IMPRISONMENT, $5,000.00 FINE, TO PAY CRIME LAB FEE OF $100.00, AND COURT COSTS AMOUNTING TO $117.50, AFFIRMED. SAID SENTENCE TO RUN CONCURRENTLY WITH SENTENCES PREVIOUSLY IMPOSED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ANDERSON, PITTMAN and BLASS, JJ., concur.
SULLIVAN, J., concurs in result only.
NOTES
[1] Jury Instruction S-2 in its entirety reads as follows:

The Court instructs the Jury that an accessory before-the-fact is one who arranges for or counsels or commands another to commit a felony, but is not necessarily present himself when the felony is committed.
Any person who shall be an accessory to any felony, before the fact, shall be deemed and considered a principal and shall be indicted and punished as such; and this is whether the principal has been previously convicted or not.
Therefore, the Court instructs you that should you find from the evidence in this case, beyond a reasonable doubt, that on May 19, 1988, in Lauderdale county, Mississippi, the Defendant, Edward Turner, did willfully, unlawfully and feloniously arrange for or counsel or command Betty Gandy to sell a quantity of cocaine, a Schedule II Controlled Substance, to Agent Lawrence Vaughan of the Mississippi Bureau of Narcotics in exchange for two hundred and fifty dollars ($250) in lawful currency of the United States, and that this occurred in Lauderdale County, Mississippi, then it is your sworn duty to find the Defendant guilty of sale of cocaine.