# IN THE COURT OF APPEALS 4/22/97

# OF THE

# STATE OF MISSISSIPPI

## NO. 94-KA-00518 COA

MELVIN MARSHALL THAGGARD

APPELLANT

 v.

 STATE OF MISSISSIPPI

APPELLEE

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. LARRY EUGENE ROBERTS

COURT FROM WHICH APPEALED: CLARKE COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT:

LESLIE GATES

ATTORNEY FOR APPELLEE:

OFFICE OF THE ATTORNEY GENERAL

BY: DEIRDRE MCCRORY

DISTRICT ATTORNEY: MITCHELL, BILBO

NATURE OF THE CASE: CRIMINAL

TRIAL COURT DISPOSITION: SALE OF COCAINE: SENTENCED TO 30 YEARS IN THE MDOC WITH 14 YEARS SUSPENDED; 5 YEARS PROBATION AND 16 YEARS TO SERVE

BEFORE THOMAS AND McMILLIN P.JJ., AND KING, J.

KING, J., FOR THE COURT:

Melvin Thaggard was tried in the Circuit Court of Clarke County on an indictment charging the sale of cocaine, a controlled substance. He was convicted of that offense and sentenced to a term of thirty years in the custody of the Mississippi Department of Corrections with fourteen years suspended, five years probation, and sixteen years to serve. From that conviction and sentence Thaggard appeals. Thaggard alleges the following points of error: (1) the evidence was insufficient to support the verdict; (2) the trial court erred in granting jury instruction S-6, an accomplice instruction; (3) the trial court erred in granting instruction S-5, an aiding and abetting instruction; (4) the trial court erred in failing to adequately instruct the jury on the essential elements of the principal offense; and (5) the trial court erred in failing to grant a new trial. Finding Thaggard's arguments to be without merit, we affirm the trial court's judgment.

FACTS

On February 3, 1993, Melvin Thaggard encountered undercover narcotics agent Homer Kemp outside his residence at Stonewall Apartments in Clarke County. Kemp asked Thaggard if he had any cocaine, and Thaggard told him, "No, but let's go to Rayford's apartment." Thaggard led Kemp to Rayford Jordan's apartment and Kemp knocked on the door. Jordan came out and the three walked down the sidewalk. Kemp asked Jordan if he knew where he could get a couple of pieces of crack cocaine. When Jordan did not respond, Thaggard hollered out that they could get some cocaine from Greg Atterberry across the tracks. Kemp told him that he did not have enough gas to go elsewhere to look for any drugs. That's when Jordan said that he knew where Kemp could get some. Jordan, then, left Kemp and Thaggard and went to another apartment to get the crack cocaine. When Jordan returned he had two rocks of crack cocaine, which he gave to Kemp in exchange for $40.00. Kemp got into his car and left.

Subsequently, Jordan was charged with the sale of a controlled substance but he was not apprehended. Thaggard was charged and arrested for the same offense and later convicted by a jury in the Circuit Court of Clarke County.

I.

WAS THE EVIDENCE SUFFICIENT TO SUPPORT THE VERDICT?

Thaggard was charged and convicted of the sale of cocaine, a controlled substance under section 41-29-139(a)(1). That statute prohibits anyone from engaging in the "sell, barter, transfer, or distribution of a controlled substance." Miss. Code Ann. § 41-29-131(a)(1) (1972). Thaggard contends that the

evidence produced by the State was insufficient to support the jury's verdict of guilty. The standard of review for a challenge to the sufficiency of the evidence, in a criminal case, can be found in *McClain v. State,* 625 So. 2d 774, 778 (Miss. 1993):

> In appeals from an overruled motion for JNOV the sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. (citations omitted). The credible evidence . . . consistent with guilt must be accepted as true. (citations omitted). The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn form the evidence. (citations omitted). Matters regarding the weight and credibility of the evidence are to be resolved by the jury. (citations omitted). We are authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair minded jurors only find the accused not guilty.

(citations omitted).

Considering these precepts we review the evidence in the light most favorable to the State. Thaggard claims that because Rayford Jordan secured and sold the drugs to Officer Kemp the jury could not have found him guilty of the sale of a controlled substance. Thaggard claims that he did nothing other than take Kemp to Jordan's apartment and this did not amount to an act necessary to violate section 41-29-139-(a)(1). However, our supreme court has said that "substantial knowing participation in the consummation of a sale or in arranging for the sale may render one guilty of the illegal sale of unlawful controlled substances within section 41-29-139." One who aids and abets another is an accessory before the fact and is guilty as a principal." *Williams v. State*, 463 So. 2d 1064,1066 (Miss. 1985); (*see also Sanders v. State*, 439 So. 2d 1271, 1275 (Miss. 1983).

According to Officer Kemp's testimony and the conversation recorded on the surveillance tape, Kemp approached Thaggard and asked him if he had any "cane" meaning crack cocaine. Thaggard replied, "No, but let's go to Rayford's apartment." Thus, placing himself into the transaction, Thaggard then led Kemp to Rayford Jordan's apartment, another act that voluntarily intertwined Thaggard into the drug sale transaction. When Jordan revealed that he did not have any cocaine, it was Thaggard who suggested that they try Greg Atterberry across the tracks. This was yet another link of voluntary involvement in the transaction. Even though Jordan got the drugs from some other source, Thaggard remained with Kemp and Jordan until they made the exchange of cocaine for cash.

Considering Kemp's testimony and the surveillance recording of the exchange in the light most favorable the State, we find the evidence sufficient to sustain the jury verdict finding Thaggard guilty of the sale of cocaine. Thaggard's voluntary involvement embedded him in the transaction and at no time did he disassociate himself from the transaction.

II.

DID THE TRIAL COURT ERR IN GRANTING INSTRUCTION S-6, AN

ACCOMPLICE INSTRUCTION?

Instruction S-6 reads:

> The court instructs the jury that an accomplice is someone who knowingly, voluntarily and with common intent with the principle offender unites in the commission of the crime. An accomplice is guilty to the same extent as the principle. Therefore, should you find from the evidence in this case, beyond a reasonable doubt, that on or about the 3rd day of February 1993, in Clarke County, Mississippi, the Defendant Melvin Thaggard, did knowingly, voluntarily, and with common intent, unite with Rayford Jordan to distribute cocaine, a schedule II controlled substance, to Homer Kemp, a law enforcement official, and this distribution did in fact occur, then it is your sworn duty to find the Defendant guilty of delivery of cocaine.

Thaggard objected to instruction S-6 on the grounds that the instruction did not require the jury to find that the distribution of the cocaine was caused by his actions. Thaggard also objected to the instruction because he contends there was insufficient evidence to support the instruction. As to Thaggard's first objection whether he committed an act that amounted to distribution of cocaine, we find that the trial court was within its discretion to allow the instruction. The instruction required the jury to find that Thaggard "did knowingly, voluntarily, and with common intent, unite with Rayford Jordan to distribute cocaine . . . and the distribution did occur." This describes acts that Thaggard must have engaged in to permit the jury to find that he was guilty of distributing cocaine. *Turner v. State,* 573 So. 2d 1340, 1342 (Miss. 1990) (citing Miss. Code Ann. § 97-1-1 (1972)); *see also Williams v. State*, 463 So. 2d 1064, 1066 (Miss. 1985). Therefore, placing the question of Thaggard's involvement squarely within the province of the jury. Thaggard next raises a question of the sufficiency of the evidence to support instruction S-6. We have resolved this question in the previous section of this opinion and do not deem it necessary to address it a second time.

Finally, Thaggard contends that jury instruction S-6 failed to adequately instruct the jury on the elements of the principal offense and that its defect was not cured by other instructions. The State argues that Thaggard failed to raise these objections in the lower court, and he may not raise them for the first time on appeal. We agree. "[I]t is elementary that different grounds than the objections presented to the trial court cannot be presented for the first time on appeal." *Thornhill v. State*, 561 So. 2d 1025, 1029 (Miss. 1989).

III.

DID THE TRIAL COURT ERR IN GRANTING JURY INSTRUCTION S-5.

Instruction S-5 reads:

> The court instructs the jury that an aider or abettor is a person who is present at the

commission of a crime and aids, counsels, or encourages another in the commission of a crime. An aider and abettor is equally guilty with the principle offender.

Therefore, should you find from the evidence in this case, beyond a reasonable doubt, that on or about the 3rd day of February 1993, in Clarke County, Mississippi, the Defendant, Melvin Thaggard, did knowingly aid, counsel, or encourage Rayford Jordan to distribute cocaine, a schedule II controlled substance, to Homer Kemp, a law enforcement official, and this distribution did in fact occur, then it is your sworn duty to find the Defendant guilty of delivery of cocaine.

Thaggard contends that jury instruction S-5 contained several defects. First, he contends that there was insufficient evidence to support the instruction. We have found that the State presented sufficient evidence to support the jury's verdict of guilty and, therefore, we find there was sufficient evidence to support instruction S-5.

Second, Thaggard claims that the instruction was defective because it did not require the jury to find that the distribution occurred as a result of his aid, counsel, or encouragement. Thaggard argues that the jury was improperly permitted or required to assume that a distribution of cocaine took place. We disagree. Instruction S-5 clearly instructs the jury that it must find beyond a reasonable doubt that Thaggard "did knowingly aid, counsel, or encourage Rayford Jordan to distribute cocaine . . . and this distribution did in fact occur." The application of the facts and inferences of this instruction was left to the jury, and it was up to the jury to determinate Thaggard's guilt.

Finally, he claims that the jury was not given the opportunity to make a contrary finding because it was given no instruction about what must be found in order to determine whether Rayford Jordan distributed cocaine. Thaggard attempts to raise an issue that he failed to raise at trial and again, we refuse to hear such issue raised for the first time on appeal. *Thornhill*, 561 So. 2d at 1029.

IV.

DID THE TRIAL COURT ERR IN FAILING TO INSTRUCT THE JURY AS TO THE ELEMENTS OF THE PRINCIPAL OFFENSE.

Thaggard contends that the trial judge erred in failing to instruct the jury as to the elements of the principal offense. In his brief, he wages this argument by contending that the trial judge erred by not granting jury instruction D-6. Instruction D-6 reads:

The court instructs the jury that the State of Mississippi has the burden of proving each and every element of the charge against Melvin Thaggard beyond a reasonable doubt.

The elements that the State must prove beyond a reasonable doubt are that:

(a) On February 3, 1993,

(b) Melvin Thaggard

(c) willfully, unlawfully, and knowingly

(d) sold

     (e) to Homer Kemp, a sworn Law Enforcement Officer of the Wayne, Clarke, Jasper Narcotics Task Force,

(f) cocaine, a schedule II controlled substance,

(g) for $40.00 in lawful United States currency,

(h) against the peace and dignity of the State of Mississippi.

     If the State has failed to prove any element of the charge beyond a reasonable doubt, you shall return a verdict of not guilty.

Thaggard contends that the wording of the aiding and abetting and the accomplice instructions allowed the jury to assume the elements of the principle offense. We disagree. The language of the aforementioned instructions required the jury to find the defendant guilty of the offense charged if the necessary *mens reas* and *actus reas* was found to have occurred under the facts presented. Therefore, we find that the principle elements of the offense were provided by the jury instructions given when read together and as a whole. *Heidel v. State*, 587 So. 2d 835, 842 (Miss. 1991).

V.

     DID THE TRIAL COURT ERR IN FAILING TO GRANT A NEW TRIAL BECAUSE THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?

Thaggard alleges that the verdict was contrary to the overwhelming weight of the evidence and that the Defendant did not receive a fair trial. The standard of review upon a challenge to the weight of the evidence, in a criminal case, is provided by *Thornhill v. State*, 561 So. 2d at 1030:

     In determining whether or not a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when it is convinced that the circuit court has abused its discretion in failing to grant a new trial.

Having found the evidence legally sufficient to support the verdict, we find that the verdict was not against the overwhelming weight of the evidence. The extent of Thaggard's involvement in the drug transaction between Officer Kemp and Jordan was a question of fact for the jury, and we will not

second guess the jury's determination of Thaggard's guilt. We find that the trial judge did not abuse his discretion in failing to grant a new trial. Therefore, finding no merit in Thaggard's arguments, we affirm.

THE JUDGMENT OF THE CIRCUIT COURT OF CLARKE COUNTY OF CONVICTION OF THE SALE OF A CONTROLLED SUBSTANCE AND SENTENCE OF 30 YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH 14 YEARS SUSPENDED, 5 YEARS PROBATION, 16 YEARS TO SERVE, PAY A FINE OF $1,000.00, PAY RESTITUTION OF $120.00 AND TO FORFEIT HIS DRIVERS LICENSE IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO APPELLANT.


BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, PAYNE, AND SOUTHWICK, JJ., CONCUR.


HINKEBEIN, J., NOT PARTICIPATING.