893 So.2d 1071 (2004)
Byron Wendell NORRIS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2002-KA-01254-COA.
Court of Appeals of Mississippi.
August 17, 2004.
Rehearing Denied October 26, 2004.
Certiorari Denied February 17, 2005.
*1072 Thomas P. Welch, Edwin L. Bean, McComb, Dawn Laverne Stough, attorneys for appellant.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
EN BANC.
BRIDGES, P.J., for the Court.
¶ 1. A jury sitting before the Pike County Circuit Court convicted Byron Norris of two counts of sexual battery and one count of conspiracy to batter. Norris was sentenced to serve two twenty-year consecutive sentences and to a five year concurrent sentence in the custody of the Mississippi Department of Corrections. Norris's request for a new trial or JNOV was denied, and he appeals on the following issues.

STATEMENT OF THE ISSUES
I. DID THE TRIAL COURT ERR IN GRANTING AIDING AND ABETTING INSTRUCTIONS?
II. DID THE TRIAL COURT ERR IN ADMITTING PHOTOGRAPHS INTO EVIDENCE?
III. DID THE COURT ERR IN ALLOWING TESTIMONY ABOUT SEXUAL ASSAULT ON THE VICTIM?
IV. DID NORRIS RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL?
V. WAS NORRIS DENIED HIS RIGHT TO A SPEEDY TRIAL?
ISSUE RAISED BY COURT ON ITS OWN MOTION
VI. THE SENTENCING OF TWENTY YEARS POST-RELEASE SUPERVISION IS PLAIN ERROR.

FACTS
¶ 2. On September 18, 2001, Officer Robert Holmes, Jr., was called to investigate the alleged rape of B.S. She claimed Byron Norris and Michael Carroll had raped her both vaginally and orally by holding her down and by Norris violently beating her about the face with his fists. B.S. had asked Carroll for a ride home but had *1073 never met Norris. Norris did not drive her home but drove to under the Holmesville Bridge where the sexual assault took place in Norris's car. B.S. suffered a severe black eye, bloody nose and cuts on her hands, chest and legs. She also had several broken bones in her face, the sinus bones, her nose and the orbits (the bones around the eyes).
¶ 3. Norris and Carroll were indicted for two counts of sexual battery and one count of conspiracy to commit sexual battery. Aiding and abetting was not mentioned in the indictment but jury instructions were given regarding aiding and abetting. Norris's objections to the jury instructions regarding that issue were overruled. Photographs of the injuries to B.S. were admitted into evidence over Norris's objection to relevancy because the judge found they proved intent and lack of consent. The trial judge also allowed the jury to hear evidence of Norris's admission to Officer Holmes of hitting B.S. with his fists and almost running her over. The judge ruled the jury needed to "hear the whole story."
¶ 4. B.S. told Edward Robertson, the man who found her on the bridge after the accident, and she also later told Dr. Lenny Derouen, the emergency room doctor, that she had been beaten and raped. B.S. identified Norris and testified that he was the person who initially assaulted and raped her. She claimed Norris held her down on the hood of the car and raped her, then held her down and encouraged Carroll to rape her as well, which Carroll did. Norris claimed that he had consensual sex with B.S. and that it was Carroll who had non-consensual sex with B.S. Norris admits that he assisted Carroll with non-consensual sex, that he hit her in the nose and chest and that he lifted her up onto the hood and held her down.

ANALYSIS

I. DID THE TRIAL COURT ERR IN GRANTING AIDING AND ABETTING INSTRUCTIONS?
¶ 5. Norris appeals claiming the trial judge erred in allowing a jury instruction referring to aiding and abetting when he was not charged with aiding and abetting in the indictment. Our well-settled rule is that on appeal we consider complaints of error in jury instructions by reading the instructions as a whole. All instructions "are to be read together and if the jury is fully and fairly instructed by other instructions the refusal of any similar instruction does not constitute reversal error." Laney v. State, 486 So.2d 1242, 1246 (Miss.1986).
¶ 6. In Hollins v. State, 799 So.2d 118, 123 (¶ 14) (Miss.Ct.App.2001), this Court held that an aiding and abetting instruction was proper where the evidence showed the defendant, Hollins, was present and assisted others in the commission of the drug sale. Hollins was indicted for the sale of cocaine as a principal, not as a accomplice. However, the evidence showed a constructive sale. Hollins, 799 So.2d at 122(¶ 8). The Court stated:
In this case Hollins was present at the time the crime was committed, he gave the drugs to Jackson to sell to the agent and he shared in the profits from the sale. He obviously aided and abetted the crime committed. The instruction clearly informs the jury that if it finds that Hollins aided and abetted Jackson in the commission of the crime, he can be held guilty as a principal and punished as such. Although aiding and abetting was not officially part of Hollins's indictment, the evidence presented clearly supports the instruction.
Hollins, 799 So.2d at 123(¶ 14).
¶ 7. "Any person who is present at the commission of a criminal offense and *1074 aids, counsels, or encourages another in the commission of that offense is an `aider and abettor' and is equally guilty with the principal offender." Hoops v. State, 681 So.2d 521, 533 (Miss.1996). When "two or more persons act in concert to accomplish the commission of a crime, the act of one is the act of all; that is to say, one aiding and abetting in the commission of a crime is chargeable as a principal, and the acts of other principals are considered to be his acts...." Gilmer v. State, 271 So.2d 738, 740 (Miss.1973).
¶ 8. The two jury instructions in question state that one who aids and abets another in the commission of a crime is guilty of the crime itself, and that if the jury believes beyond a reasonable doubt that Norris was present and assisted Carroll with the rape of B.S., then he should also be found guilty of the crime itself. The instructions do not request the jury to find Norris guilty of the crime of aiding and abetting but explains that if the jury believes Norris did aid and abet then he should be guilty of the crimes charged.
¶ 9. In this case it is clear both Norris and Carroll worked in concert. Norris admitted that he helped Carroll lift B.S. onto the hood of the car and held her down. He also admitted that B.S. did not want to have sex with either Norris or Carroll. The jury instruction referring to aiding and abetting was not intended to convict on that issue but, rather, to convict Norris of the overall crime he helped Carroll to commit. The trial judge's ruling on the admission of this jury instruction is affirmed.

II. DID THE TRIAL COURT ERR IN ADMITTING PHOTOGRAPHS INTO EVIDENCE?
¶ 10. The decision regarding the admission of photographs is left to the sound discretion of the trial judge and will not be disturbed by us absent a showing that the trial court abused its discretion in reaching its decision. Sudduth v. State, 562 So.2d 67, 69 (Miss.1990) and cases cited therein; McNeal v. State, 551 So.2d 151, 159 (Miss.1989); Stringer v. State, 548 So.2d 125, 134 (Miss.1989) and cases cited therein. "The mere fact that a photograph may be cumulative of other evidence does not extinguish its probative value." Tubbs v. State, 402 So.2d 830, 836 (Miss.1981).
¶ 11. Norris in his appeal asserts that allowing the photographs of B.S. and her injuries to be introduced into evidence were irrelevant to the charge he was on trial for because they imply an assault that he was not charged with. In overruling the objection, the trial judge found the photographs were necessary to allow the jury to understand the whole picture. The photographs supported B.S.'s claim the sexual encounter was non-consensual and was the result of force on the part of Norris and Carroll. The trial judge did not abuse his discretion in admitting these photographs into evidence.

III. DID THE COURT ERR IN ALLOWING TESTIMONY ABOUT SEXUAL ASSAULT ON THE VICTIM?
¶ 12. Norris objected to the testimony of Officer Holmes regarding his interview with B.S. following the assault; that objection was overruled. Norris in his appeal claims this testimony was evidence relating to the crime of assault which he was neither charged with nor on trial for. The case of Brown v. State, 483 So.2d 328, 330 (Miss.1986) holds that the State has a legitimate interest in telling a rational and coherent story of what happened and, where substantially necessary, to present to the jury the complete story of the crime, evidence or testimony may be *1075 given even though it may reveal or suggest other crimes.
¶ 13. The testimony regarding the assault was corroborated by three other witnesses and supported the claims of her bloody condition and broken bones described by the examining physician. The trial court found that the testimony was necessary for the jury to understand the significance of what occurred to make the rape possible. The trial judge did not err in his discretion to admit this testimony.

IV. DID NORRIS RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL?
¶ 14. In his appeal Norris claims numerous instances of ineffective assistance of counsel. Namely, his attorney should have impeached a witness in a particular situation; his attorney did not have prior trial experience; his attorney did not conduct an independent investigation; his attorney was not familiar with the crime scene; his attorney failed to subpoena people to provide favorable testimony; his attorney did not raise at trial that Norris was denied his right to a speedy trial; his attorney was appointed twenty-five days prior to trial; and his attorney failed to object to hearsay testimony given by Officer Holmes.
¶ 15. In order to win his appeal on the issue of ineffective assistance of counsel Norris must establish that his attorney's performance was defective, that this prejudiced him, and that the outcome of the proceedings would have been different if not for this deficiency. Strickland v. Washington, 466 U.S. 668, 682, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Leatherwood v. State, 473 So.2d 964, 968 (Miss.1985). Norris must argue with specificity the behavior of his attorney amounted to "unreasonable legal assistance." Leatherwood, 473 So.2d at 968. Norris has the burden of proving ineffective assistance of counsel. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990).
¶ 16. In reading Norris's appeal, the instances he raises against his attorney appear to be either irrelevant to the substance of the case or would have no impact on the verdict itself. The impeachment issue Norris raises is whether B.S. had approximately three beers the night in question. Norris does not indicate how an independent investigation or more familiarity with the scene would have benefitted his case other than the specifics of how the three parties initially met up. Norris was convicted of sexual battery and conspiracy to batter. These and Norris's other issues regarding ineffective assistance of counsel are without merit.

V. WAS NORRIS DENIED HIS RIGHT TO A SPEEDY TRIAL?
¶ 17. Norris raised this issue for the first time on appeal. The Mississippi Supreme Court has repeatedly held that "[we] will not consider matters which are outside the record and must confine [ourselves] to what actually does appear in the record." Medina v. State, 688 So.2d 727, 732 (Miss.1996) (citing Robinson v. State, 662 So.2d 1100, 1104 (Miss.1995)). "We can not decide an issue based on assertions in the briefs alone; rather, issues must be proven by the record." Medina v. State, 688 So.2d at 732. Furthermore, Norris failed to show any prejudice which might have resulted from the delay. See Walton v. State, 678 So.2d 645, 650 (Miss.1996). Without such information, we are unable to find a constitutional or statutory violation of the right to a speedy trial. Therefore, we decline to address this issue.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY OF CONVICTION OF COUNTS I AND II SEXUAL BATTERY AND SENTENCE *1076 OF TWENTY YEARS FOR EACH COUNT TO RUN CONSECUTIVELY AND COUNT III CONSPIRACY TO COMMIT SEXUAL BATTERY AND SENTENCE OF FIVE YEARS TO RUN CONCURRENTLY TO SENTENCES IN COUNTS I AND II ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH TWENTY YEARS TO SERVE AND TWENTY YEARS OF POST-RELEASE SUPERVISION, FINE OF $5,000 AND $3,766.25 IN RESTITUTION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. BARNES, J., NOT PARTICIPATING.