919 So.2d 1029 (2005)
Jamie WHITE, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-KA-01664-COA.
Court of Appeals of Mississippi.
July 19, 2005.
*1031 M. Lamar Arrington, Jeffrey A. Varas, Hazlehurst, attorneys for appellant.
Office of the Attorney General by Scott Stuart, attorney for appellee.
Before KING, C.J., IRVING and GRIFFIS, JJ.
GRIFFIS, J., for the Court.
¶ 1. Jamie White was convicted of robbery in the Circuit Court of Jefferson County. White was sentenced to serve fifteen years in the Mississippi Department of Corrections. We find no error and affirm.

FACTS
¶ 2. On January 22, 2002, Amy Gower telephoned her friend, Kermit Malloy to inform him that she intended to visit him. Later that same evening, Gower called again explaining that she was stranded with car trouble and needed help. Malloy asked Carlos Brown, his friend, to accompany him to help Gower and the two drove in Brown's vehicle to her location.
¶ 3. Unbeknownst to Malloy, Gower and three other men had devised a plan. Malloy and Brown arrived at Gower's location and found her sitting on the roof of a Lincoln Towncar. Gower told them that she was "out of gas," and the two men began to assist her. Malloy and Brown returned to their vehicle where they waited on Gower. Suddenly, the doors to their car were opened and three men stood and pointed guns at Malloy and Brown. The three men instructed Malloy and Brown to remove their clothes and lie face down on the ground. Personal items, a miniature Doberman Pincher, and a car stereo were stolen. Gower and the three men then left the scene.
¶ 4. Four individuals were arrested for their role in the robbery. Gower was arrested on January 28, 2002. She implicated Donald Craig, Jamie White, and Carl Corey. Subsequently, these three men were arrested. Gower, Craig, and Corey pled guilty to robbery and testified against White at trial.

STANDARD OF REVIEW
¶ 5. The standard of review for denial of a motion for directed verdict or for judgment notwithstanding the verdict is the same. Alford v. State, 656 So.2d 1186, 1189 (Miss.1995). Once the jury has returned a guilty verdict, neither the trial court nor this Court is at liberty to direct that the defendant be found not guilty *1032 unless, viewed in the light most favorable to the verdict, no reasonable, hypothetical juror could find beyond a reasonable doubt that the defendant was guilty. Conners v. State, 822 So.2d 290, 293 (¶ 6) (Miss.Ct. App.2001). This Court must consider as true all evidence consistent with the defendant's guilt, and the State must be given the benefit of all favorable inferences. McClain v. State, 625 So.2d 774, 778 (Miss. 1993). It is not for this Court to pass on the credibility of witnesses, and where the evidence justifies the verdict, it must be accepted as having been found worthy of belief. Grooms v. State, 357 So.2d 292, 295 (Miss.1978). Under this standard of review, we look at the evidence presented at trial that favors the guilty verdict.

ANALYSIS

I. Improper closing remarks made by the district attorney.
¶ 6. White argues that the trial court should have granted his motion for JNOV or, in the alternative, for a new trial due to improper comments made by the prosecution in closing arguments. The State argues that White did not properly object or timely seek a mistrial. Therefore, this argument is procedurally barred.
¶ 7. In closing argument, the district attorney made the following statement: "It's his right to have a trial, but it's your duty, it's your duty to convict him for coming into Jefferson County robbing somebody." White's counsel objected. The trial judge sustained the objection. The trial judge then instructed the district attorney to rephrase his argument. The district attorney did so and continued with his closing argument. The closing arguments were then completed. The trial judge next asked counsel if there was anything further. At this time, White's counsel moved for a mistrial. The motion was denied. The jury was sent out to deliberate, and the verdict was rendered. White made no other mention of the matter until filing his motion for JNOV or, in the alternative, for a new trial.
¶ 8. If trial counsel deems opposing counsel to be "overstepping the wide range of authorized argument," he must make a timely objection and "insist upon a ruling by the trial court." Johnson v. State, 477 So.2d 196, 209-10 (Miss.1985). The trial court must first determine if the objection should be sustained or overruled. Id. Then, if the argument is improper and, the objection is sustained, the trial counsel has a "further duty" to move for a mistrial at this time. Id. If the trial court rules that a statement was improper, the court must then admonish the jury to disregard the statement, unless the statement caused serious and irreparable damage; in that case, the trial judge may grant a mistrial. Id.
¶ 9. We find that, even if the prosecutor's remarks were improper, the particular statement at issue is not a statement that caused serious and irreparable damage to White's case. Far more damaging to White's case was the actual evidence put on by the State. We cannot say that this passing comment made in closing argument so prejudiced White as to warrant a new trial. Therefore, we find this issue to be without merit.

II. Jury instructions.
¶ 10. White argues that the trial court erred in two aspects regarding the jury instructions. First, by allowing instruction S-5, White argues that the jury had two avenues to find him guilty. Specifically, White maintains that under such instruction, White could have been found guilty as the principal, or as an accomplice. White also contends that the trial court erred in refusing jury instruction D-7, his circumstantial *1033 evidence instruction. White argues that the evidence supported such an instruction. We will consider each instruction separately.
¶ 11. The trial court enjoys considerable discretion regarding the form and substance of jury instructions. Our principal concern is that the jury was fairly instructed and that it understood both the defendant's and the prosecution's theory of the case. Rester v. Lott, 566 So.2d 1266, 1269 (Miss.1990). When examining jury instructions refused by the trial court, we look at the evidence from the view of the party requesting the instruction. Splain v. Hines, 609 So.2d 1234, 1239 (Miss.1992). Each party has the right to have his theory of the case presented to the jury by instructions, provided that there is credible evidence that supports that theory. Id.
¶ 12. White argues that instruction S-5 was submitted in error because he was indicted as a principal, not an accomplice. Instruction S-5 reads:
The Court instructs the Jury that the guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by that person as his or her agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.
If another person is acting under the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.
Before any defendant may be held criminally responsible for the acts of others it is necessary that the accused deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.
Of course, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.
In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.
White contends that this instruction provided too much information and confused the issues.
¶ 13. In Hollins v. State, 799 So.2d 118, 123 (Miss.Ct.App.2001), we held that an aiding and abetting instruction was proper where the evidence showed the defendant was present and assisted others in the commission of the drug sale. Hollins was indicted for the sale of cocaine as a principal, not as a accomplice. However, the evidence showed a constructive sale. Id. at 122 (¶ 8). Hollins was present at the time the crime was committed, he gave the drugs to another participant to sell, and he shared in the profits from the sale. Thus, we found that he obviously aided and abetted the crime committed. Regarding the instruction, we found that it clearly informed the jury that if it found that Hollins aided and abetted another in the commission of the crime, he could be held guilty as a principal and punished as such. Id. at 123 (¶ 14).
*1034 ¶ 14. Albeit White's indictment charged him as a principal, the evidence presented supports the instruction given. Both Craig and Cory testified that White participated in the robbery. Craig stated specifically that he saw White rob Malloy and Brown. As in Hollins, there was sufficient evidence that White participated along with the others in the robbery. Thus, we find no error in the submission of this instruction.
¶ 15. Instruction D-7 reads:
The Court instructs the Jury that where the evidence is circumstantial only, that there is no direct evidence, then the State has the burden to prove by the evidence that the Defendant is guilty beyond reasonable doubt and to the exclusion of every other reasonable hypothesis consistent with innocence. If there are two interpretations of evidence, one consistent with innocence and one consistent with guilty the Jury has a reasonable doubt as to which is correct, the Jury must adopt the theory of innocence and find the Defendant not guilty.
¶ 16. For an accused to receive a circumstantial evidence instruction, the State must be unable to produce either an eyewitness or a confession to the gravamen of the offense; only in such situations is the evidence for the State wholly circumstantial in nature. Keys v. State, 478 So.2d 266, 267 (Miss.1985). Here, White's involvement in the robbery was sufficiently shown by direct evidence so that a circumstantial evidence instruction was not needed.
¶ 17. The testimony established that Gower informed the police of White's participation in the robbery. Furthermore, both Craig and Corey testified that White participated in the robbery and used a pistol. Specifically, Craig testified that he saw White use a .38 caliber pistol to rob Malloy and Brown. Our courts have consistently held that the existence of any direct evidence eliminates the need for a circumstantial evidence instruction. Sullivan v. State, 749 So.2d 983, 992 (¶ 20) (Miss.1999). We find no error in the trial court's refusal of White's circumstantial evidence instruction.
¶ 18. It is well-settled that all jury instructions are to be read together and if the jury is fully and fairly instructed by other instructions, the refusal of any similar instruction does not constitute reversal error. Rester, 566 So.2d at 1269. Having reviewed the instructions of the trial court to the jury, we find that they accurately and sufficiently guided the jury in its deliberations.

III. Motion for directed verdict.

IV. Motion for judgment notwithstanding the verdict or, in the alternative, a new trial.
¶ 19. White further contends that the trial court erred in denying his motions for a directed verdict, JNOV and, in the alternative, for a new trial on the basis that the jury's verdict was contrary to the overwhelming weight of the evidence. All three requests implicate the sufficiency of the evidence. Montana v. State, 822 So.2d 954, 967 (¶ 61) (Miss.2002); Franklin v. State, 676 So.2d 287, 288 (Miss.1996). Thus, we will consider these two assignments of error simultaneously.
¶ 20. The standard of review for legal sufficiency of the evidence is well-settled: we must consider all evidence in the light most favorable to the verdict. The credible evidence which is consistent with the guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. We may reverse only where the evidence so considered is such that reasonable and fair-minded *1035 jurors could only find the accused not guilty. Id.
¶ 21. White's argument is that the State failed to prove beyond a reasonable doubt that he robbed Malloy and Brown. His argument relies heavily on the fact that there was no physical evidence of his presence at the scene of the robbery and that the testimony against him was self-serving. White argues that Craig, Corey and Groves pled guilty to the robbery and would do anything to get out of trouble. However, the witnesses testified that they agreed to cooperate with the prosecution and were not threatened by the police. It is the jury's function to accept the testimony of some witnesses and not others. Gathright v. State, 380 So.2d 1276, 1278 (Miss.1980). The jury was free to evaluate the testimony and assign to it any or no credibility.
¶ 22. Notwithstanding the testimony of Craig, Corey, and Groves, the evidence supported White's conviction. White testified that he knew both Gower and Craig. Additionally, White admitted that the Towncar used in the robbery was given to him four days prior to the robbery. He also admitted to possessing the Towncar and meeting Gower on the day after the robbery. When questioned as to his alibi, White stated that he was in Natchez selling drugs, but provided no alibi witness. Clearly, it was within the jury's province to draw reasonable inferences from the evidence based on their experience and common sense. Hester v. State, 463 So.2d 1087, 1093 (Miss.1985).
¶ 23. Considering the appropriate standards of review, we find the evidence to be of such weight and sufficiency as to support the jury's verdict that found White guilty of robbery. In viewing the evidence in the light most favorable to the verdict, we do not find that the trial court erred in denying White's motions for a directed verdict, and JNOV or, in the alternative, a new trial. Thus, we find that this assignment of error is without merit.

V. Illegal sentence.
¶ 24. Finally, White argues that his sentence is excessive, and therefore constitutes cruel and unusual punishment. The trial court found the sentence was within the statutory guidelines for robbery and not disproportionate.
¶ 25. White contends that he is entitled to a proportionality review under Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). Solem applies a three-factor analysis to determine if a sentence is disproportionately harsh so as to violate the Eighth Amendment prohibition against cruel and unusual punishment: (1) the gravity of the crime; (2) comparison with sentences imposed on other defendants for the same crime in the same jurisdiction; and (3) comparison with sentences imposed in surrounding jurisdictions. Id. at 292, 103 S.Ct. 3001. White maintains that the gravity of his crime was minor and the sentence was far in excess of those imposed on Gower, Craig and Corey for the same or similar crimes.
¶ 26. The Supreme Court has subsequently altered its interpretation of Solem. The Eighth Amendment does not contain a proportionality guarantee. Harmelin v. Michigan, 501 U.S. 957, 965, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). Severe penalties are not, by themselves, violative of the Eighth Amendment. Id. at 994-95, 111 S.Ct. 2680. Before we will make such comparisons, White must meet the threshold requirement of showing the sentence imposed is grossly disproportionate to the crime charged. Hoops v. State, 681 So.2d 521, 538 (Miss.1996). Unless White satisfies this preliminary requirement, *1036 he is not entitled to the extended Solem comparison analysis. Id.
¶ 27. White was sentenced to serve fifteen years under Mississippi Code Annotated Section 97-3-79 (Rev.2000), which provides in pertinent part:
in cases where the jury fails to fix the penalty at imprisonment for life in the state penitentiary the court shall fix the penalty at imprisonment in the state penitentiary for any term not less than three (3) years.
The crime of robbery carries a maximum imprisonment penalty of life in prison. Miss.Code Ann. § 97-3-79 (Rev.2000). White's sentence was within the statutory limit. White relies heavily upon the comparison of his sentence with others but provides no evidence as to why his sentence is inappropriate for the crime of robbery. We find that his sentence was not grossly disproportionate to the crime of which he was convicted. In addition, it is well settled that we will not disturb sentences which are permissible by statute. Reynolds v. State, 585 So.2d 753, 756 (Miss.1991). Accordingly, we find that the trial court did not err in sentencing White.
¶ 28. Finding no reversible error, we affirm the judgment of the trial court.
¶ 29. THE JUDGMENT OF THE JEFFERSON COUNTY CIRCUIT COURT OF CONVICTION OF ROBBERY AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JEFFERSON COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ.