CHANDLER, J.,
for the Court.
¶ 1. The Winona Police Department seized Donald Fason’s pickup truck. The City of Winona served Fason with a notice of intent to forfeit the truck. The notice instructed Fason to write a letter to Wino-na’s Chief of Police if he desired to contest the forfeiture. Under statutory law, a citizen should file his notice to contest the forfeiture within thirty days in the circuit court or county court, if a county court exists. Miss.Code Ann. § 41-29-176(5) (Rev.2001).
¶ 2. Fason wrote a letter to the Chief of Police expressing his intent to contest the forfeiture. The City of Winona filed this letter with the Montgomery County Circuit Court within the required thirty day period. Fason filed a motion to dismiss, on the grounds that the City of Winona’s letter of intent to forfeit the property did not comply with the notice requirements of Mississippi Code Annotated Section 41-29-176(4) (Rev.2001). The circuit court judge denied this motion and found that Fason’s right to an evidentiary hearing was preserved. The judge forfeited Fa-son’s truck to the City of Winona after an evidentiary hearing was held. Fason appeals, raising the following issue:
WHETHER FASON’S DUE PROCESS RIGHTS WERE VIOLATED WHEN THE CIRCUIT COURT JUDGE FORFEITED FASON’S TRUCK TO THE CITY OF WINONA
¶ 3. Finding no error, we affirm.

FACTS

¶ 4. On January 25, 2002, the Winona Police Department stopped Donald Fason for suspicion of possession of precursor chemicals with intent to manufacture methamphetamine. Fason was arrested at that time, and his 1995 Chevrolet pickup truck was seized. On February 22, 2002, the Winona Chief of Police served Fason with a notice of intent to forfeit his truck, valued at $3,000. The notice informed Fa-son that if he wished to contest the forfeiture he must file a request for judicial review within thirty days of receiving the notice, and that if he did not file such a request the property would be forfeited to the City of Winona. The notice instructed Fason to file his intention to contest the forfeiture with the Chief of Police. However, the notice of intent to contest the forfeiture must be filed within thirty days in the circuit court of the county in which the seizure was made, or in the county court if a county court exists. Miss.Code Ann. § 41-29-176(5). On March 8, 2002, *165 Fason wrote a letter to the Chief of Police, expressing his desire to contest the forfeiture. The City of Winona filed the letter in the circuit court on March 22, 2002, within the required thirty day period.[1] ,On the same day, the City filed a petition for forfeiture against Fason.
¶ 5. On April 14, 2003, Fason filed a motion to dismiss on the grounds that the City’s notice of intention to seize the truck did not meet the notice requirements of Mississippi Code Annotated Section 41-29-181(7) (Rev.2001). On May 20, 2003, the circuit court denied Fason’s motion to dismiss the forfeiture. The court found that the only deficiency in the notice of intent to forfeit was that the instruction stated that a notice of intent to contest the forfeiture should be filed with the Chief of Police rather than the circuit court. The court went on to hold that this deficiency did not cause prejudice to Fason, because the City filed Fason’s notice with the circuit court within thirty days. Therefore, Fason’s right to contest the forfeiture was preserved.
¶ 6. On January 28, 2004, the circuit court held an evidentiary hearing. After hearing all the evidence, the court ordered Fason’s truck to be forfeited to the City of Winona.

ANALYSIS

WHETHER FASON’S DUE PROCESS RIGHTS WERE VIOLATED WHEN THE CIRCUIT COURT JUDGE FORFEITED FASON’S TRUCK TO THE CITY OF WINONA
¶ 7. In forfeiture cases, this Court will not disturb a circuit court’s findings unless it has applied an erroneous legal standard to decide the question of fact. Hickman v. State, ex rel. Mississippi Department of Public Safety, 592 So.2d 44, 46 (Miss.1991); Leatherwood v. State, 539 So.2d 1378, 1387 (Miss.1989); McClendon v. State, 539 So.2d 1375, 1377 (Miss.1989).
¶ 8. Mississippi Code Annotated Section 41-29-176(1) (Rev.2001) provides for the administrative forfeiture of property seized under the Uniform Controlled Substance Law whose value does not exceed $10,000. The first step is to serve a notice of intent to forfeit on persons claiming an interest in the property. The notice shall include the following information:
(a) A description of the property;
(b) The approximate value of the property;'
(c) The date and place of the seizure;
(d) The connection between the property and the violation of the Uniform Controlled Substances law;
(e) The instructions for filing a request of judicial review; and
(f) A statement that the property will be forfeited to the seizing law enforcement agency if a request for judicial review is not timely filed.
Miss.Code Ann. § 41-29-176(4) (Rev.2001). In the present case, Fason claims that there was a fatal deficiency in the notice of intent to forfeit his truck because it gave erroneous instructions for filing a request for judicial review.
¶ 9. Fason does not contest the sufficiency of the evidence supporting the trial court’s judgment forfeiting his vehicle to the City of Winona. The sole complaint Fason makes in his appeal is that his procedural due process rights were violated when the City of Winona filed his peti *166 tion for judicial review of seizure for him instead of allowing Fason to file it himself:
¶ 10. In Dusenbery v. United States, 534 U.S. 161, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002), the United States Supreme Court addressed due process requirements in forfeiture cases when the government seizes a citizen’s property.
The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without “due process of law.” From these “cryptic and abstract words,” we have determined that individuals whose property interests are at stake are entitled to “notice and an opportunity to be heard.”
Id. at 167, 122 S.Ct. 694 (quoting United States v. James Daniel Good Real Property, 510 U.S. 43, 48, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993)). The Court concluded that a person’s due process rights regarding notice are not violated when the notice is “reasonably calculated under all the circumstances” to apprise the citizen of the pendency of the forfeiture. Id. at 169, 122 S.Ct. 694 (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950)).
¶ 11. In the case sub judice, Fason received notice that the City of Winona intended to seize his truck. The notice contained instructions for contesting the forfeiture, with which Fason complied, and which the City of Winona timely filed in the circuit court. Fason’s rights to contest the forfeiture were preserved and exercised, and Fason received the evidentiary hearing he requested. For these reasons, this Court finds that the City of Winona complied with the administrative requirements of giving notice of its intent to take title to Fason’s truck, and that Fason’s due process rights were protected.
¶ 12: THE JUDGMENT OF THE CIRCUIT COURT OF MONTGOMERY COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.

. Fason claims that the notice to contest the forfeiture was not timely filed, because it was entered with the circuit court fifty-six days after his truck was seized. This is an incorrect statement of the law. The thirty-day period begins to run on the day the government gives its notice of intent to forfeit. Miss.Code Ann. § 41-29-176(5).