¶ 15. I concur with the majority's well-reasoned decision to affirm Eason's convictions for Counts I, II and III. As for Count IV, I reach the same conclusion as the majority, but by a different analysis. I must disagree that Eason himself "engaged" in penetration. However, Eason may most definitely be convicted as an aider and abettor of that penetration.
 ¶ 16. Count IV of the indictment charged that Eason:
 did willfully, purposely, unlawfully and feloniously commit Sexual Battery upon [R.M.] and [J.M.], without the consent of the said [R.M.] and [J.M.], by engaging in the act of sexual penetration, to wit: forcing [J.M.] to place his penis in the annus [sic] of [R.M.], contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.
As the majority notes, "A person is guilty of sexual battery if he or she engages in sexual penetration with . . . [a] child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child." Miss. Code Ann. § 97-3-95(1)(d) (Rev. 2006). According to section 97-3-97(a) of the Mississippi Code Annotated, among other things not relevant to our present purposes, sexual penetration includes "any penetration of the . . . anal openings of another person's body by any part of a person's body, and insertion of any object into the . . . anal openings of another person's body."
 ¶ 17. The proof at trial demonstrated that, because R.M. and J.M. did not complete their chores to his satisfaction, Eason offered them two choices: they could get a spanking or they could complete an additional "chore." Since the children did not want to be spanked, they chose option two. At Eason's instruction, R.M. inserted his penis into J.M.'s anus. Therefore, there is no evidence that Eason actually penetrated or engaged in penetration of J.M., nor did he insert an object into J.M. R.M. is a human being. He is not an "object." Instead, R.M. penetrated J.M. To be sure, there is no evidence that R.M. did so willingly. He did so under coercion or duress based on a threat of force.
 ¶ 18. "[A]ny person who is present at the commission of a criminal offense and aids, counsels, or encourages another in the commission of that offense is an `aider and abetter' and is equally guilty with the principal offender." Mitchell v.State, 915 So.2d 1, 13-14 (¶ 57) (Miss.Ct.App. 2005) (citations omitted). Eason was not indicted as an aider and abettor. Even so, that does not preclude an instruction that the jury could convict him as such. E.g., Norris v.State, 893 So.2d 1071, 1074 (¶ 19) (Miss.Ct.App. 2004).
 ¶ 19. According to jury instruction S-6, the jury was instructed to convict Eason for sexual battery if it found, beyond a reasonable doubt, that Eason, "willfully, purposely, unlawfully and feloniously commit[ted] Sexual Battery byforcing [R.M.] to place his penis in the anus of [J.M.] without the consent of said [J.M.]." (emphasis added). Of significance is the fact that defense counsel stated "no objection" when called upon by the trial court to voice any complaint he had with the principles of law stated in jury instruction S-6. The trial judge was never presented with any proposed jury instruction from either party on the concept of Eason's potential guilt as an aider and abettor. I hesitate to *Page 792 
find any error on a matter never presented to the trial judge for consideration.
 ¶ 20. If a jury may convict someone as a principal for "encouraging" the commission of a crime, by extension, a jury may certainly convict someone as a principal for "forcing" the commission of a crime. "Forcing" someone to commit a crime absolutely contemplates, encompasses, and surpasses "encouragement." Moreover, as a principal, Eason's guilt is not dependent upon R.M.'s. Scales v. State, 289 So.2d 905,908 (Miss. 1974).
 ¶ 21. Without question, Eason's behavior was criminal.[2]
I find no logical reason why Eason may not be convicted as a principal under the circumstances. Although jury instruction S-6 did not use the magic words "aider and abettor," I believe it adequately covered the correct principle of law. I find it sufficient to uphold Eason's conviction incident to Count IV. Because I reach the same conclusion as the majority, but by a different analysis, I respectfully concur.
LEE, P.J., IRVING, CHANDLER, GRIFFIS AND BARNES, JJ., JOIN THIS OPINION.
[2] Had the prosecution chosen to do so, it could have charged Eason with violating section 97-1-6 of the Mississippi Code Annotated (Rev. 2006). Section 97-1-6 provides:
 In addition to any other penalty and provision of law, any person over the age of seventeen (17) who shall direct or cause any person under the age of seventeen (17) to commit any crime which would be a felony if committed by an adult shall be guilty of a felony and upon conviction shall be fined not more than Ten Thousand Dollars ($10,000.00) or imprisoned for not more than twenty (20) years, or both